UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SVETLANA KOKAREVA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOW GROUP INC., JONATHAN E. BALIFF, and L. DON MILLER,<br><br>Defendants. | Case No.  4:19-cv-00509<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LOUIS MAURO AND DANIEL LILIENFELD FOR CONSOLIDATION,  APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF COUNSEL |
| DANIEL LILIENFELD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOW GROUP INC., JONATHAN E. BALIFF, and L. DON MILLER,<br><br>Defendants. | Case No.  4:19-cv-01064 |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS.......................................................................................................2

ARGUMENT.........................................................................................................................3

    I.       THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
            PURPOSES ..........................................................................................................3

    II.      MAURO AND LILIENFELD SHOULD BE APPOINTED LEAD PLAINTIFFS
            ......................................................................................................................4

          A.      Mauro and Lilienfeld Are Willing to Serve as Class Representatives ........5

          B.      Mauro and Lilienfeld Have the "Largest Financial Interest" in the Action 5

          C.      Mauro and Lilienfeld Otherwise Satisfy the Requirements of Rule 23 ......6

    III.    LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED 9

CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ...................................................................................4

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ...................................................................................3

*Buettgen v. Harless*,
   263 F.R.D. 378 (N.D. Tex. 2009) ..................................................................................6

*Chun v. Fluor Corporation*,
   18-cv-1338 (N.D. Tex.) ................................................................................................10

*Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-CV-3772-G,
   2012 WL 6625382 (N.D. Tex. Dec. 20, 2012) ..............................................................7

*In re BP*,
   758 F. Supp. 2d at 433..................................................................................................6

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .........................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)................................................6

*In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571,
   2002 U.S. Dist. LEXIS 27858 (S.D. Tex. Oct. 28, 2002) ..............................................9

*In re Enron Corp. Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002)...............................................................................6, 7

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)...........................................3, 4

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ......................................................................................9

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998)................................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .....................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ........................................................................3

*James v. City of Dallas, Tex.*,
  254 F.3d 551 (5th Cir. 2001) ............................................................................7

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)............................................................................3

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................................6

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993) .............................................................................3

*Mullen v. Treasure Chest Casino, LLC*,
  186 F.3d 620 (5th Cir. 1999) ...........................................................................8

*Stein v. Match Group, Inc.*, No. 16-cv-549-L,
  2016 WL 3194334 (N.D. Tex. June 9, 2016) ..................................................7, 8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................ 1, 4, 5, 6, 9

## Rules

Fed. R. Civ. P. 23.........................................................................................*passim*

Fed. R. Civ. P. 42...................................................................................................1, 3

Louis Mauro and Daniel Lilienfeld (collectively, "Mauro and Lilienfeld") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Mauro and Lilienfeld as Lead Plaintiffs on behalf of all persons who purchased or otherwise acquired the securities of Bristow Group  Inc. ("Bristow" or the "Company") between February  8,  2018  and  February  12,  2019, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants which possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mauro and Lilienfeld, with losses of approximately $100,697 in connection with their purchases of Bristow securities during the Class Period, have the largest financial interest in the relief sought in this action.  Mauro and Lilienfeld further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, based on their significant financial interests and commitment to overseeing this litigation, Mauro and Lilienfeld respectfully request that the Court enter an order consolidating the Related Actions, appointing them as Lead Plaintiffs, and approving their selections of Lead Counsel and Liaison Counsel.

**STATEMENT OF FACTS**

As the complaints in the Related Actions allege, Bristow is an industrial aviation services provider with major transportation operations in the North Sea, Nigeria and the Gulf of Mexico, and in most other major offshore energy producing regions of the world.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about Bristow's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (i) Bristow lacked adequate monitoring processes related to non-financial covenants within its secured financing and lease agreements; (ii) as a result, Bristow could not reasonably assure compliance with certain non-financial covenants; (iii) as a result, Bristow was reasonably likely to breach certain agreements; (iv) as a result, Bristow had understated its short-term debt; (v) the required corrections would materially impact financial statements; (vi) there was a material weakness in Bristow's internal controls over financial reporting; and (vii) as a result of the foregoing, Defendants' positive statements about Bristow's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On February 11, 2019, after the market closed, Bristow filed a Form 8-K with the SEC disclosing that it "did not have adequate monitoring control processes in place related to non-financial covenants within certain of its secured financing and lease agreements."

On this news, Bristow's stock price fell $1.22 per share, or nearly 40%, to close at $1.84 per share on February 12, 2019, on unusually heavy trading volume.

On February 12, 2019, Bristow filed a Form 8-K with the SEC to announce that: (i) it had terminated its agreement to purchase Columbia Helicopters, Inc. ("Columbia Helicopters"); and (ii) Jonathan E. Baliff would retire as Chief Executive Officer and would resign from the Board of Directors, effective February 28, 2019.

On this news, Bristow's stock price fell $0.64 per share, or nearly 35%, to close at $1.20 per share on February 13, 2019, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8

3

(S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at \*5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.   MAURO AND LILIENFELD SHOULD BE APPOINTED LEAD PLAINTIFFS

Mauro and Lilienfeld should be appointed Lead Plaintiffs because, to their knowledge, Mauro and Lilienfeld have the largest financial interest in the current action and otherwise satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

4

such notice. Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Mauro and Lilienfeld satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### A. Mauro and Lilienfeld Are Willing to Serve as Class Representatives

On February 14, 2019, counsel for plaintiff in the first of the above-captioned actions to be filed caused a notice to be published over *Business Wire*, pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that this action had been filed against Defendants and which advised investors in Bristow securities that they had 60 days—*i.e.*, until April 15, 2019—to file a motion to be appointed as lead plaintiff (the "Notice"). *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Mauro and Lilienfeld have filed the instant motion pursuant to the Notice, and have attached signed Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, Mauro and Lilienfeld satisfy the first requirement to serve as Lead Plaintiffs of the Class.

### B. Mauro and Lilienfeld Have the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Mauro and Lilienfeld have the largest financial interest of any Bristow investor or group of investors seeking to serve as Lead Plaintiff. For claims arising under Exchange Act §10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted by courts in the Fifth Circuit, including courts in this district specifically. *See, e.g., In re BP*, 758 F. Supp. 2d at 433; *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002); *Buettgen v. Harless,* 263 F.R.D. 378, 380 (N.D. Tex. 2009).

During the Class Period, Mauro and Lilienfeld: (1) purchased 51,106 shares of Bristow stock; (2) expended $216,749 on purchases of Bristow stock; (3) retained all of their shares of Bristow stock; and (4) incurred losses of approximately $100,697 in connection with their transactions in Bristow shares during the Class Period. *See* Lieberman Decl., Ex. C. To the extent that Mauro and Lilienfeld possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Mauro and Lilienfeld Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must

---

[1] *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-CV-3772-G, 2012 WL 6625382, at *2 (N.D. Tex. Dec. 20, 2012). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck*, 976 F. Supp. at 546); *see also Enron*, 206 F.R.D. at 441. Here, the Complaint sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all lead plaintiff candidates.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as those of the other class members." *Stein v. Match Group, Inc.*, No. 16-cv-549-L, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

Mauro and Lilienfeld's claims are typical of those of the Class. Mauro and Lilienfeld allege, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Bristow. Mauro and Lilienfeld, as did all members of the Class, purchased Bristow shares during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove Bristow's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of th[e] litigation to ensure vigorous advocacy." *Stein*, 2016 WL 3194334,at \*5; *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests.").

Mauro and Lilienfeld have submitted signed Certifications declaring their commitment to protecting the interests of the Class. *See* Lieberman Decl., Ex. B. Further, there is no evidence of antagonism or conflict between Mauro and Lilienfeld's interests and the interests of the Class. The significant losses incurred by Mauro and Lilienfeld demonstrate that they have a sufficient interest in the outcome of this litigation.

Finally, as set forth in greater detail below, in Pomerantz, Mauro and Lilienfeld have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.     LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with lead plaintiff's choice only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858, at \*21 (S.D. Tex. Oct. 28, 2002); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005).

Here, Mauro and Lilienfeld have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. D.  Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France.  For more than 75 years, Pomerantz has represented defrauded investors.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  Courts in this Judicial District, the Fifth Circuit, and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Kakkar v. Bellicum Pharmaceuticals, Inc.*, 18-cv-338 (S.D. Tex.); *In re KBR, Inc. Sec. Litig.*, No.

9

17-cv-1375 (S.D. Tex.); *Chun v. Fluor Corporation*, 18-cv-1338 (N.D. Tex.); *Prause v. TechnipFMC plc*, No. 17-cv-2368 (S.D. Tex.); *In re Tenet Healthcare Corp. Sec. Litig.*, No. 16-cv-2848 (N.D. Tex.); and *Kessman v. Myriad Genetics, Inc.*, No. 18-cv-336 (D. Utah).

BLF is likewise well-qualified to serve as Liaison Counsel. As its firm resume reflects, BLF maintains an office in Houston, Texas, and the firm specializes in securities class action matters, among other practice areas. *See* Lieberman Decl., Ex. E. BLF has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant action, Mauro and Lilienfeld's counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of counsel by Mauro and Lilienfeld, with Pomerantz as Lead Counsel BLF as Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Mauro and Lilienfeld respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Mauro and Lilienfeld as Lead Plaintiffs for the Class; and (3) approving their selections of Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

Dated:  April 15, 2019                                    Respectfully submitted,

                                                         POMERANTZ LLP

                                                         */s/ Jeremy A. Lieberman*
                                                         Jeremy A. Lieberman
                                                         (S.D. Tex. Federal Bar Number 1466757)
                                                         J. Alexander Hood II
                                                         (S.D. Tex. Federal Bar Number 3086579)

10

Jonathan D. Lindenfeld
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice* application forthcoming)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

THE BRISCOE LAW FIRM, PLLC
Willie C. Briscoe
Southern District No.: 25157
Texas Bar Number: 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
Email: wbriscoe@thebriscoelawfirm.com

*Counsel for Movants and*
*Proposed Liaison Counsel for the Class*

11

## CERTIFICATE OF SERVICE

This is to certify that on April 15, 2019, I have filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

12