# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SVETLANA KOKAREVA, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br>  v.<br><br>BRISTOW GROUP INC., JONATHAN E. BALIFF, and L. DON MILLER,<br><br>     Defendants. | Case No.: 4:19-cv-00509 (KPE) |
| DANIEL LILIENFELD, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br>  v.<br><br>BRISTOW GROUP INC., JONATHAN E. BALIFF, and L. DON MILLER,<br><br>     Defendants. | Case No.: 4:19-cv-01064 (EW) |

**MEMORANDUM IN SUPPORT OF THE BRS INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES....................................................................................................iii

SUMMARY OF THE ARGUMENT ............................................................................................. 1

FACTUAL BACKGROUND......................................................................................................... 1

ARGUMENT ................................................................................................................................ 3

I.      The *Kokareva* and *Lilienfeld* Actions Should be Consolidated ........................................... 3

II.     The BRS Investor Group Should Be Appointed to Serve as Lead Plaintiff ........................ 4

         A.      The PSLRA's Lead Plaintiff Appointment Provisions........................................... 4

         B.      The BRS Investor Group's Motion Is Timely ....................................................... 5

         C.      The BRS Investor Group Possesses the Largest Financial Stake in the Relief
               Sought by the Class.................................................................................................. 5

         D.      The BRS Investor Group Is Otherwise Qualified to Serve as Lead Plaintiff
               Pursuant to Rule 23 ................................................................................................ 6

         E.      The Claims of the BRS Investor Group Are Typical of Those of the Class........... 7

         F.      The BRS Investor Group Will Fairly and Adequately Represent the Class ........... 8

         G.      The Court Should Approve the BRS Investor Group's Choice of Counsel ........... 9

CONCLUSION............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                **Pages**

*Bhojwani v. Pistiolis*,
06-cv-13761, 2007 WL 9228588 (S.D.N.Y. July 31, 2007)................................................ 9

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ..........................................................iii, 3, 6, 7, 8, 9

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002 ................................................................................... 8

*In re Kosmos Energy Ltd. Sec. Litig.*,
12-cv-373, 2012 WL 6199318 (N.D. Tex. Nov. 1, 2012) .......................................... 5, 6, 7

*Mullen v. Treasure Chest Casino, LLC*,
186 F.3d 620 (5th Cir. 1999) ...................................................................................... 8

*Parker v. Hyperdynamics Corp.*,
12-cv-999, 2013 WL 623164 (S.D. Tex. Feb. 19, 2013)............................................. 7, 8

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) ....................................................................................... 7

*In re Superior Offshore Int'l, Inc. Sec. Litig.*,
08-cv-687, 2008 WL 2148745 (S.D. Tex. May 20, 2008).................................................. 9

**Rules, Statutes, & Other Authorities**

15 U.S.C. §78u-4(a), *et seq.*...........................................................................iii, iv, 3, 4, 5, 6, 8, 9

Fed R. Civ. P. 23(a) ..................................................................................................... 6, 8

Fed R. Civ. P. 42(a) ...................................................................................................iii, 3

Manual for Complex Litigation (Fourth) §11.631 (2004)...................................................... 4

Meridian Investments I, LLC ("Meridian"), Andrew Abernathey, Jay Abernathey, and Guy Abernathey lost almost $3 million on their collective investment in shares of Bristow Group Inc. ("BRS"), and as the BRS Investor Group (or "Movant") they respectfully submit this memorandum of law in support of their motion for: (i) consolidation of the *Kokareva* and *Lilienfeld* actions; (ii) appointment of the BRS Investor Group under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* ("PSLRA") as Lead Plaintiff for the proposed class; (iii) the Court's approval of the BRS Investor Group's selection of the law firms of Kirby McInerney LLP ("Kirby McInerney") and Susman Godfrey L.L.P. ("Susman Godfrey") as Lead Counsel for the proposed class; and (iv) such other and further relief as the Court may deem just and proper.

## STATEMENT OF THE ISSUES

The BRS Investor Group's motion presents the following issues for resolution by the Court:

1.      Whether the Court should consolidate the *Kokareva* and *Lilienfeld* actions and any other subsequently filed, related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure? Under Rule 42(a)(2), consolidation is proper where actions before the Court involve "a common question of law or fact." Consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same alleged misstatements and omissions. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010) (consolidating cases that "involve overlapping [d]efendants and a common core of facts and legal issues") (internal quotation omitted).

2.      Whether the BRS Investor Group is the "most adequate plaintiff," and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i)? The PSLRA establishes a presumption that the "most adequate plaintiff" is the person or group of persons that has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule

iii

23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B). This presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class, or is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

3.      Whether the BRS Investor Group's selection of Kirby McInerney LLP and Susman Godfrey L.L.P. as Lead Counsel should be approved? Under the PSLRA, the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). A court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

## SUMMARY OF THE ARGUMENT

The above-captioned *Kokareva* and *Lilienfeld* actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") by Bristow Group Inc. ("Bristow" or "the Company"), and certain of its current and former officers and directors. Movant is a member of the proposed class of persons or entities who purchased or otherwise acquired the publicly-traded securities of Bristow (the "Class") during the period between February 8, 2018 and February 12, 2019, inclusive (the "Class Period"). Movant purchased 438,315 Bristow shares during the Class Period, with a total Class Period expenditure of $4,440,768.58. On a net basis, Movant purchased 176,707 shares for a total net Class Period expenditure of $3,147,405.59. Movant suffered total Class Period investment losses of $2,931,823.05, when losses are calculated on a last-in, first-out ("LIFO") basis. *See* Barnett Decl., Ex. C.[1]

The BRS Investor Group is the most adequate plaintiff as defined by the PSLRA because it possesses a significant financial interest in the Action, *see* Barnett Decl. Ex. C, and it otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative Class and it will fairly and adequately represent the interests of the Class. Accordingly, the BRS Investor Group should be appointed Lead Plaintiff, and its selection of counsel should be approved.

## FACTUAL BACKGROUND

Bristow is an industrial aviation services provider with major transportation operations in the North Sea, Nigeria, the Gulf of Mexico, and in most other major offshore energy producing

---

[1] References to the "Barnett Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Barry Barnett, filed contemporaneously herewith.

1

regions of the world.[2]

On February 8, 2018, Bristow filed its quarterly report on Form 10-Q with the SEC for the period ended December 31, 2017 (the "3Q18 10-Q"). Therein, the Company reported $360.7 million revenue, $9.937 million net loss, $1.102 billion long-term debt, and $93.137 million short-term borrowings. In the 3Q18 10-Q, the Company also reported that management had concluded its internal controls over financial reporting were effective as of December 31, 2017.

In subsequent Class Period SEC filings, Bristow continued to report that its internal controls were effective. For example, on May 23, 2018, the Company filed its annual report on Form 10-K with the SEC for the period ended March 31, 2018, and again stated that management had concluded that the Company's internal controls over financial reporting were effective for that period.

On November 9, 2018, the Company filed its quarterly report on Form 10-Q with the SEC for the period ended September 30, 2018, in which it reported $350.65 million revenue, $143.67 million net loss, $1.399 billion long-term debt, and $50.79 million short-term borrowings. The same day, the Company announced that it had entered an agreement to combine with privately-held Columbia Helicopters, Inc. ("Columbia Helicopters") for $560 million.

During the Class Period, Defendants allegedly made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (i) that the Company lacked adequate monitoring processes related to non-financial covenants within its secured financing and lease agreements; (ii) that, as a result, the Company could not reasonably assure compliance with

---

[2] The "Factual Background" is derived from the allegations of the complaint filed in connection with the *Kokareva* Action, the first of the two filed actions.

certain non-financial covenants; (iii) that, as a result, the Company was reasonably likely to breach certain agreements; (iv) that, as a result, the Company had understated its short-term debt; (v) the required corrections would materially impact financial statements; (vi) that there was a material weakness in the Company's internal controls over financial reporting; and (vii) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On February 11, 2019, after the market closed, the Company filed a Form 8-K with the SEC disclosing that it "did not have adequate monitoring control processes in place related to non-financial covenants within certain of its secured financing and lease agreements." On this news, the Company's share price fell $1.22, or nearly 40%, to close at $1.84 per share on February 12, 2019, on unusually heavy trading volume.

On February 12, 2019, the Company filed a Form 8-K with the SEC to announce: (i) that it had terminated its agreement to purchase Columbia Helicopters; and (ii) that Jonathan E. Baliff would retire as Chief Executive Officer and would resign from the Board of Directors, effective February 28, 2019. On this news, the Company's share price fell $0.64, or nearly 35%, to close at $1.20 per share on February 13, 2019, on unusually heavy trading volume.

## ARGUMENT

### I.    The *Kokareva* and *Lilienfeld* Actions Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also In re BP*, 758 F. Supp. 2d at 432-33 (consolidating cases that have

"substantial commonalities, and [] involve overlapping [d]efendants and a common core of facts and legal issues") (internal quotation omitted). Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on common evidence. MANUAL FOR COMPLEX LITIGATION (FOURTH) §11.631 (2004).

Here, consolidation of the two above-captioned actions is appropriate because both involve Bristow securities, name identical defendants, and allege securities fraud based on the same, or substantially similar, conduct. The discovery to be taken will, therefore, be virtually identical in each of these actions, and the overlap of legal and factual issues means that consolidation will promote judicial efficiency and economy. A fortiori, consolidation is appropriate.

## II.      The BRS Investor Group Should Be Appointed to Serve as Lead Plaintiff

### A.      The PSLRA's Lead Plaintiff Appointment Provisions

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations of the federal securities laws. *See* 15 U.S.C. §78u-4(a). First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Second, within sixty days of the publication of notice, any person or group who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Third, within ninety days after publication of notice, the court is to consider any motion made by a class member and appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the class' interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). In making this determination, the PSLRA provides that the court "shall adopt a presumption that the most adequate plaintiff" is the person or group of persons that "has the largest financial interest in

the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Here, the BRS Investor Group should be appointed as Lead Plaintiff because it: (i) filed this motion in a timely manner; (ii) has, to its knowledge, the largest financial interest in the relief sought by the Class; and (iii) will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the BRS Investor Group's selection of qualified lead counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

### B.      The BRS Investor Group's Motion Is Timely

The plaintiff who files an action must, within 20 days of filing the action, publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i); *see also In re Kosmos Energy Ltd. Sec. Litig.*, 12-cv-373, 2012 WL 6199318, at *1 (N.D. Tex. Nov. 1, 2012) (discussing the lead plaintiff appointment process). Following the commencement of this Action, on February 14, 2019, a notice of pendency of the action was published via *Business Wire*. Barnett Decl., Ex. A. The notice was timely because it was filed within 20 days of the date this action was filed.

Class members who file a complaint or move pursuant to §21D(a)(3)(B) of the Exchange Act are eligible to be appointed as lead plaintiffs, so long as their motion is timely. 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the BRS Investor Group's motion was filed within 60 days from the publication of notice and, as such, is timely. 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

### C.      The BRS Investor Group Possesses the Largest Financial Stake in the Relief Sought by the Class

Based on the evidence contained in the BRS Investor Group's concurrently filed Certifications, the BRS Investor Group believes that it has the largest financial interest in the relief sought in this litigation. Specifically, the Bristow Investor Group purchased 438,315 Bristow

5

shares during the Class Period, with a total Class Period expenditure of $4,440,768.58. On a net basis, Movant purchased 176,707 shares for a total net Class Period expenditure of $3,147,405.59. Movant suffered total Class Period investment losses of $2,931,823.05, when losses are calculated on a last-in, first-out ("LIFO") basis. *See* Barnett Decl., Ex. C. Given that the BRS Investor Group has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, it should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

**D.    The BRS Investor Group Is Otherwise Qualified to Serve as Lead Plaintiff Pursuant to Rule 23**

In addition to meeting the aforementioned requirements, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." At this stage of the litigation, however, a movant need only make a "preliminary showing" that it satisfies the typicality and adequacy requirements of Rule 23. *See In re BP*, 758 F. Supp. 2d at 437 (recognizing the "limited inquiry appropriate at this stage of the litigation"); *see also Kosmos Energy*, 2012 WL 6199318, at *2 ("The Rule 23 inquiry is not rigorous here; at this stage of the proceedings, a lead plaintiff applicant 'need only make a preliminary showing that [it] satisfies these requirements.'") (citation omitted). "To make such a preliminary showing, potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy." *In re BP*, 758 F. Supp. 2d at 435.

As detailed below, the BRS Investor Group plainly satisfies the typicality and adequacy requirements of Rule 23(a). As such, the BRS Investor Group is qualified to serve as Lead Plaintiff.

**E.      The Claims of the BRS Investor Group Are Typical of Those of the Class**

The typicality requirement of Rule 23(a)(3) is met when the claims of the representative plaintiff "arise from a similar course of conduct and share the same legal theory" as those of the class. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (internal quotation omitted). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *In re BP*, 758 F. Supp. 2d at 435.

Here, the BRS Investor Group is typical because, like all other Class members, its members: (i) purchased or otherwise acquired Bristow's securities during the Class Period; (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (iii) suffered damages thereby. *See Parker v. Hyperdynamics Corp.*, 12-cv-999, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013) (finding that movant "easily meets" the typicality standard where it alleged that it purchased the company's stock at inflated prices during the class period and was injured by the subsequent loss of investment value); *Kosmos Energy*, 2012 WL 6199318, at *2 (finding typical a movant who, "[i]f successful in proving its injury and losses resulting from [d]efendants' actions . . . will necessarily prove the conduct which underlies the claims of all purported plaintiffs") (internal quotation omitted). Furthermore, the BRS Investor Group is seeking to recover damages based on the same theories of liability as the rest of the Class. The claims of the BRS Investor Group are, therefore, typical of the claims of the other Class members. At this stage of the litigation, the typicality requirement has been met.

**F.       The BRS Investor Group Will Fairly and Adequately Represent the Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order to satisfy this requirement, a prospective lead plaintiff must show that it does not have any conflicts of interest with other class members and that the plaintiff and counsel will vigorously prosecute the case. *See Parker*, 2013 WL 623164, at *3 ("The standard for determining adequacy requires an inquiry into [1] the zeal and competence of the representatives' counsel and [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees.") (internal quotation omitted). "[D]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *In re BP*, 758 F. Supp. 2d at 435 (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 626 (5th Cir. 1999)).

Here, the BRS Investor Group's interests are clearly aligned with the members of the proposed Class and there is no evidence of any antagonism between its interests and the interests of the proposed Class members. Its claims are typical of the members of the Class. In addition, the BRS Investor Group has also adduced evidence demonstrating that it will adequately serve as Class representative. For example, each member of the group has signed a sworn Certification affirming its willingness to serve as, and assume the responsibilities of, Class representative. *See* Barnett Decl., Ex. B.

Further, the PSLRA explicitly permits a "group of persons" to serve as lead plaintiff, (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)), but at least some district courts require group members to demonstrate a pre-litigation relationship (*see, e.g.*, *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002). Here, there is no question that the BRS Investor Group members have a

sufficient pre-litigation relationship. Specifically, Andrew Abernathey (son), Jay Abernathey (father), and Guy Abernathey (uncle) are family members. *In re Superior Offshore Int'l, Inc. Sec. Litig.*, 08-cv-687, 2008 WL 2148745, at *2 (S.D. Tex. May 20, 2008) (appointing lead plaintiff based on aggregated losses of family members); *Bhojwani v. Pistiolis*, 06-cv-13761, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (appointing group of family members lead plaintiff). Likewise, Andrew Abernathey is the President and sole director of Meridian, an investment fund that is a Minnesota-based limited liability company. In addition to being related to Andrew Abernathey, Guy and Jay Abernathey also are investors in Meridian.

Finally, the BRS Investor Group has demonstrated that it is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, Kirby McInerney and Susman Godfrey are highly qualified, experienced, and able to conduct this complex litigation in a professional manner as counsel for the members of the BRS Investor Group. *See* Section II.G, *infra*. Accordingly, the BRS Investor Group has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

## G.      The Court Should Approve the BRS Investor Group's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to "select and retain [lead] counsel," subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re BP*, 758 F. Supp. 2d at 442 (same). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, the BRS Investor Group has selected the law firms of Kirby McInerney and Susman Godfrey to represent the Class. Kirby McInerney is a firm with substantial experience in the prosecution of securities class actions that possesses the resources necessary to efficiently conduct this litigation. *See* Barnett Decl., Ex. D. Likewise, Susman Godfrey has served as lead or co-lead counsel in many high-profile nationwide class actions, recovering billions of dollars for investors

9

and consumers. *Id.*, Ex. E. The Court should, therefore, approve the BRS Investor Group's selection of Lead Counsel for the Class.

## CONCLUSION

For all the foregoing reasons, the BRS Group respectfully requests that the Court: (i) consolidate the three above-captioned actions; (ii) appoint it to serve as Lead Plaintiff in this securities class action; and (iii) approve its selection of Kirby McInerney and Susman Godfrey to serve as Lead Counsel for the putative Class

Dated: April 15, 2019

By: */s/ Barry Barnett*
Barry Barnett
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: 302-504-4957
Email: bbarnett@susmangodfrey.com

Ira M. Press
Thomas W. Elrod
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Email: ipress@kmllp.com
           telrod@kmllp.com

*Counsel for Lead Plaintiff Movant BRS Investor Group and Proposed Lead Counsel for the Class*