**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| SVETLANA KOKAREVA, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 4:19-cv-00509 |
| Plaintiff, | Hon. Keith P. Ellison |
| v. | |
| BRISTOW GROUP INC., JONATHAN E. BALIFF, and L. DON MILLER, | |
| Defendants. | |
| DANIEL LILIENFELD, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 4:19-cv-01064 |
| Plaintiff, | Hon. Ewing Werlein, Jr. |
| v. | |
| BRISTOW GROUP INC., JONATHAN E. BALIFF, and L. DON MILLER, | |
| Defendants. | |

**SVETLANA KOKAREVA'S MOTION AND MEMORANDUM OF LAW FOR**
**CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS**
**<u>LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL</u>**

Movant Svetlana Kokareva ("Kokareva" or "Movant"), individually and on behalf of all others similarly situated,will and hereby does move this Court for entry of an order: (1) consolidating the above-captioned actions; (2) appointing Movant as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; (3) approving the Movant's selection of Glancy Prongay & Murray, LLP as lead counsel for the Class and Kendall Law Group, PLLC as liaison counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant makes the following arguments in the below Memorandum of Law,[1] and submits the Declaration of Joe Kendall in support thereof and a Proposed Order Appointing Movant as Lead Plaintiff.[2]

## **SUMMARY**

Pursuant to the PSLRA, the Class member who possesses the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Kokareva believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff based on her financial losses suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Moreover, Kokareva satisfies the typicality and adequacy requirements of Fed.

---

[1] Pursuant to the Court's Procedures and Practices, Movant has not filed a separate memorandum of law and instead includes his argument *infra*.

[2] Local Rule 7.1.D. requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR7.1.D. be waived.

R. Civ. P. 23(a), as her claims are typical of other Class members' claims, and she will fairly and adequately represent the interests of the Class. In addition, Kokareva's selection of Glancy Prongay & Murray LLP as lead counsel for the class and Kendall Law Group, PLLC as liaison counsel should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

## FACTUAL BACKGROUND

This is a class action on behalf of persons and entities that purchased or otherwise acquired Bristow securities between February 8, 2018 and February 12, 2019, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Bristow is an industrial aviation services provider with major transportation operations in the North Sea, Nigeria and the Gulf of Mexico, and in most other major offshore energy producing regions of the world.

On February 11, 2019, after the market closed, the Company filed a Form 8-K with the SEC disclosing that it "did not have adequate monitoring control processes in place related to non-financial covenants within certain of its secured financing and lease agreements."

On this news, the Company's share price fell $1.22, or nearly 40%, to close at $1.84 per share on February 12, 2019, on unusually heavy trading volume.

On February 12, 2019, the Company filed a Form 8-K with the SEC to announce: (i) that it had terminated its agreement to purchase Columbia Helicopters, Inc.; and (ii) that Jonathan E. Baliff would retire as Chief Executive Officer and would resign from the Board of Directors, effective February 28, 2019.

On this news, the Company's share price fell $0.64, or nearly 35%, to close at $1.20 per share on February 13, 2019, on unusually heavy trading volume.

The Complaint alleges that throughout the Class Period, defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company lacked adequate monitoring processes related to non-financial covenants within its secured financing and lease agreements; (2) that, as a result, the Company could not reasonably assure compliance with certain non-financial covenants; (3) that, as a result, the Company was reasonably likely to breach certain agreements; (4) that, as a result, the Company had understated its short-term debt; (5) the required corrections would materially impact financial statements; (6) that there was a material weakness in the Company's internal controls over financial reporting; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## PROCEDURAL BACKGROUND

Plaintiff Kokareva commenced the first of the above-captioned class actions against Bristow in this District on February 14, 2019, titled *Kokareva v. Bristow Group Inc., et al.*, Case No. 4:19-cv-00509. That same day, counsel for Kokareva published a notice on *Business Wire*, announcing that a securities class action had been initiated against the defendants herein and advising investors of Bristow that they had 60 days from the publication of the February 14, 2019

notice to file a motion to be appointed as lead plaintiff. *See* Declaration of Joe Kendall in Support of Svetlana Kokareva's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Kendall Decl.") at Exhibit ("Exh.") A. In addition to the Kokareva complaint, one other related action was filed in this District, based on the same events as the *Kokareva* complaint and naming the same defendants: *Lilienfeld v. Bristow Group Inc.*, Case No. 4:19-cv-01064 (filed on March 21, 2019). (*Kokareva* and Lilienfeld are collectively referred to as the "Related Actions").

## I.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the similar subject matter and present the similar legal issues. Each action names the same Defendants, each alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct.

Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

### B.       Svetlana Kokareva Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(II).

As set forth below, Kokareva satisfies all of these criteria. Kokareva has complied with all of the PSLRA's requirements to be appointed lead plaintiff and has, to the best of her knowledge, the largest financial interest in this litigation. In addition, Kokareva meets the relevant

5

requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Kokareva respectfully submits that she should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Kokareva Filed a Timely Motion in Response to a PSLRA Notice

On February 14, 2019, pursuant to 15 U.S.C. §78u-4(a)(3)(A), counsel for Kokareva published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against the defendants herein and advising purchasers of Bristow securities that they had until April 15, 2019, to file a motion to be appointed as lead plaintiff.

Kokareva files this motion pursuant to her April 15, 2019 notice, within the 60-day period following publication of the notice, submits herewith her sworn certification and attests she is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Kendall Decl., Exh. B.

By filing a timely motion in response to a published PSLRA notice, Kokareva satisfies the first PSLRA requirement to be lead plaintiff.

### 2. Kokareva Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). Kokareva believes that she has the largest

financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

During the Class Period, Kokareva purchased Bristow shares at prices artificially inflated by defendants' allegedly misleading statements and omissions and, as a result of her transactions, suffered financial losses of approximately $111,140.00. *See* Kendall Decl., Exh. C. At the time of filing this motion, Kokareva believes that she has the largest financial interest of any plaintiff or lead plaintiff movant. Kokareva, thus, satisfies the second PSLRA requirement – the largest financial interest in the relief sought by the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3.   Kokareva Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir. 2001), cert. denied, 535 U.S. 929 (2002). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make

a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### a.   Kokareva's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same events or course of conduct that give rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Waste Mgmt. Sec. Litig.,* 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5TH Cir. 2002).

Kokareva's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Kokareva alleges that defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of Bristow. Kokareva, like all of the members of the Class, purchased Bristow shares at prices artificially inflated by defendants' alleged misstatements and omissions, and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class' claims, satisfy the typicality requirement of Rule 23(a)(3).

### b.   Kokareva Is an Adequate Representative

The adequacy requirement of Rule 23(a)(4) is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously and has obtained adequate counsel, and the movant's claims are not antagonistic to other class members' claims. *Id.* Here, Kokareva has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and her significant financial losses demonstrate that she has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. In addition,

Kokareva is not aware that any conflict exists between her claims and those asserted on behalf of the Class.

### C.   The Court Should Approve Kokareva's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein,* 2012 WL 6625382, at *3. Kokareva has retained Glancy Prongay & Murray LLP to pursue this litigation on her behalf, and will retain this firm as plaintiffs' lead counsel, with Kendall Law Group, PLLC as liaison counsel, in the event Kokareva is appointed lead plaintiff. As reflected by the firms' résumé, Glancy Prongay & Murray LLP and Kendall Law Group, PLLC possess extensive experience and expertise in securities litigation, and the firms have the necessary skills and resources to efficiently and effectively prosecute this action. *See* Kendall Decl., Exh. D. and E. Thus, the Court may be assured that by granting Kokareva's motion, the Class will receive the highest caliber of legal representation.

## II.   CONCLUSION

For the foregoing reasons, Kokareva respectfully asks the Court to grant her motion and enter an Order (1) appointing Svetlana Kokareva as lead plaintiff, (2) approving Kokareva's selection of Glancy Prongay & Murray LLP as lead counsel for the Class with Kendall Law Group, PLLC as liaison counsel, and (3) granting such other relief as the Court may deem just and proper.

DATED: April 15, 2019

Respectfully submitted,

By: */s/Joe Kendall*
**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Tel: (214) 744-3000
Fax: (214) 744-3015

*Proposed Liaison Counsel for Lead Plaintiff and the Class*

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Attorneys for Plaintiff

*Proposed Lead Counsel for Lead Plaintiff and the Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed or e-mailed the foregoing document and the notice of electronic filing to all non-CM/ECF participants.

*/s/Joe Kendall*
Joe Kendall

11