# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE BRISTOW GROUP INC. SECURITIES LITIGATION | Case No.: 4:19-cv-00509 (KPE) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of January 27, 2021 (the "Stipulation") is entered into between (a) Lead Plaintiffs Andrew Abernathey, Jay Abernathey, Guy Abernathey and Meridian Investments I, LLC (collectively, the "BRS Investor Group", "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Jonathan Baliff ("Baliff") and L. Don Miller ("Miller"), (collectively, "Defendants" or "Settling Persons"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.        Plaintiffs purchased or acquired Bristow Group, Inc. ("Bristow" or "the Company") securities during the Settlement Class Period.

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

B.      The first of the putative securities-fraud class actions was filed on February 14, 2019, against Bristow, Baliff and Miller in the United States District Court for the Southern District of Texas.  ECF No. 1.  The second of the putative securities-fraud class actions was filed on March 21, 2019, against Bristow, Baliff and Miller in the United States District Court for the Southern District of Texas.  *See Lilienfeld v. Bristow Group, Inc.*, Case 4:19-cv-01064 (S.D. Tex. Mar. 21, 2019) (ECF No. 1).

C.      On May 11, 2019, the Company filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") in the following case: *In re Bristow Group Inc., et al.*, Case No. 19-32713 (DRJ) (S.D. Tex.).  *See also*  ECF No. 28.  Pursuant to the "Order (i) Approving the Disclosure Statement, (ii) Confirming the Amended Joint Chapter 11 Plan of Reorganization of Bristow Group Inc. and Its Debtor Affiliates, as Further Modified and (iii) Granting Related Relief," only claims against the Defendants were excluded from the third-party releases. *See* Bankr. Dkt. No. 825 at ¶ 40.  Further, liability was restricted to amounts covered by available D&O Policy limits.  *Id.*

D.      By Order dated May 14, 2019, the Court consolidated the putative securities fraud class actions, appointed the BRS Investor Group as Lead Plaintiffs in the Action, and approved Lead Plaintiffs' selection of Kirby McInerney LLP and Susman Godfrey LLP as Lead Counsel for the putative class.  ECF No. 29.

E.      On November 4, 2019, Lead Plaintiffs filed and served their Consolidated Amended Class Action Complaint for violation of the Federal Securities Laws (ECF No. 34), (the "CAC" or "Operative Complaint").  The CAC asserted claims against Defendants under Sections

10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

F.      On January 3, 2020, Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  ECF No. 36-37.  On February 18, 2020, Lead Plaintiffs filed their papers in opposition and, on March 19, 2020, Defendants served their reply papers.  DE 40-42.  On May 22, 2020, the Court heard argument on Defendants' motion to dismiss and denied the motion at that hearing.

G.      In July of 2020, while Lead Plaintiffs began pursuing fact discovery, the Parties agreed to participate in private mediation.  The Parties selected Jed D. Melnick, Esq. of JAMS to serve as the mediator.  The Parties exchanged detailed mediation statements and exhibits that addressed, among other things, issues related to liability and damages. Due to the ongoing global health pandemic, the Parties participated in a full-day virtual Zoom mediation session on October 15, 2020.  Following the mediation session, the Parties continued to engage in additional discussions and negotiations facilitated by Mr. Melnick.  This process ultimately culminated in Mr. Melnick issuing a mediator's recommendation that the Action be settled for $6,250,000, which the Parties accepted.

H.      The Parties also agreed to a process of informal discovery that would allow Lead Counsel to conduct due diligence and determine that the proposed Settlement is fair, reasonable and adequate.

I.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

J.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the

Settlement Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (1) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (2) the significant risks and costs of continued litigation and trial.

K.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  Each of the Defendants has denied and continues to deny any wrongdoing. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Defendants have asserted and continue to assert that their conduct was at all times proper and in compliance with all applicable provisions of law, and believe that the evidence developed to date supports their position that they acted properly at all times and that the Action is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any

of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice as to all Defendants' Releasees and Plaintiffs' Releasees upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the consolidated securities class action in the matter styled *In re Bristow Group Inc. Securities Litigation*, Case No. 4:19-cv-00509 (KPE) (S.D. Tex.).

(b) "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c) "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)     "Bristow Common Stock" means the common stock of Bristow Group, Inc. (NYSE ticker BRS).

(e)     "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(f)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(g)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(h)     "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Court" means the United States District Court for the Southern District of Texas.

(k)     "Defendant(s)" and/or "Settling Persons" means Defendants Jonathan Baliff and L. Don Miller, or any of them, if used in the singular.

(l)     "Defendants' Counsel" means King & Spalding LLP.

(m)     "Defendants' Releasees" means the Settling Persons, Bristow, and any other person who was an officer, director or employee of Bristow during the Settlement Class Period

6

(including their Immediate Family members, heirs, executors, estates, trusts, successors, assigns, administrators, representatives, attorneys, agents, insurers and reinsurers, and any entities controlled by any of the Settling Persons), in their capacities as such.

(n)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(o)     "Escrow Account" means an interest bearing escrow account maintained at The Huntington National Bank, wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p)     "Escrow Agent" means The Huntington National Bank.

(q)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(r)     "Excluded Claims" means (i) claims related to the enforcement of the settlement or its terms; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(s)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other order by a Court of competent jurisdiction (including, but not limited to, the United States Bankruptcy Court for the Southern District of Texas), means when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (iii) if a motion

to alter or amend is filed or if an appeal is taken, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)    "Immediate Family" or "Immediate Families" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(v)    "Lead Counsel" means the law firms of Kirby McInerney LLP and Susman Godfrey LLP.

(w)    "Lead Plaintiffs" means Lead Plaintiffs Andrew Abernathey, Jay Abernathey, Guy Abernathey and Meridian Investments I, LLC .

(x)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(y)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(z)    "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which subject to approval by the Court, shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

(aa)   "Notice and Administration Costs" means the reasonable costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class by mail, publication and other means, locating Settlement Class Members; and (ii) administering the Settlement, including but not limited to the Claims process, assisting with the submission of claims, processing Proof of Claim Forms as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(bb)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(cc)   "Operative Complaint" means the Consolidated Amended Class Action Complaint filed by Plaintiffs in the Action on November 4, 2019.  ECF No. 34.

(dd)   "Parties" means Settling Persons/Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ee)   "Person" or "Persons" means an individual, corporation, partnership limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated

association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecesors, successors, representatives, or assigns.

       (ff)   "Plaintiffs" means Lead Plaintiffs.

       (gg)   "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

       (hh)   "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

       (ii)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.  Any Plan of Allocation is not part of the Stipulation, and neither Defendants nor Defendants' Releasees shall have any responsibility or liability with respect thereto.

       (jj)   "Postcard Notice" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to Settlement Class Members.

       (kk)   "Preliminary Approval Order" means the proposed order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ll)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(mm) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(nn)   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(oo)   "Released Plaintiffs' Claims" means all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Settlement Class: (i) asserted in any complaint filed in this Action including the CAC; or (ii) could have asserted in any forum that arise out of or are related to any of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in this Action including the CAC, that relate to, directly or indirectly, the purchase or sale or other acquisition,

11

disposition, or holding of any Bristow Securities during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(pp)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(qq)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(rr)   "Settlement" means the resolution of the Action between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(ss)   "Settlement Amount" means $6,250,000, in cash, to be paid by Settling Persons' directors and officers insurers.  No Settling Person shall have any personal obligation, responsibility or liability to make any payment of the Settlement Amount other than by payment under the aforementioned insurance policy.

(tt)   "Settlement Class" means all Persons or entities who, between February 8, 2018 and February 12, 2019, inclusive, purchased or otherwise acquired Bristow's common stock and were damaged thereby.  Excluded from the Settlement Class are the Settling Persons; members of the Settling Persons' Immediate Families; the Settling Persons' legal representatives, heirs, executors, administrators, predecessors, successors, assignees or assigns, and any entity in which they have or had a controlling interest; any trust of which any Settling Person is the settlor or which is for the benefit of any Settling Person and/or member(s) of his or her family; Defendants' liability insurance carriers; and the current and former officers and directors of the Company.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

12

(uu)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(vv)   "Settlement Class Period" means the period between February 8, 2018 and February 12, 2019, inclusive.

(ww)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)   "Settling Persons" means Defendants Jonathan Baliff and L. Don Miller.

(zz)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(aaa)   "Taxes" means: (i) all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (including any interest or penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority (including, but not limited to, any local, state and federal taxes) on the Settlement Fund (including any income earned by the Settlement Fund); and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants);

(bbb)   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its

13

favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its settlement with and release, or might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of any Released Claims.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs and Defendants shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty,

14

law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement after notice is given, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval of the mailing of the Postcard Notice, approval of the online posting of the Notice, and approval of the publication of the Summary Notice, substantially in the forms of Exhibits A-1 to A-4 attached hereto. The Notice shall include the general terms of the Settlement set forth in this

Stipulation, the proposed Plan of Allocation, the general terms of the attorneys' fees and Litigation Expenses, and the date of the Settlement Hearing.  At the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective current and former heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendants and the other Defendants' Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim Form and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This release shall not apply to any Excluded Claim.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and former heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the

judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including Unknown Claims) against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall cause to be paid the Settlement Amount into the Escrow Account no later than fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

9.      If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement, but only if: (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire

17

Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.  Other than the obligation of Defendants to cause to be paid the Settlement Amount into the Escrow Account, Defendants' Releasees shall have no obligation to make any other payment into the Settlement Fund pursuant to this Stipulation and shall have no responsibility or liability with respect to the Escrow Account or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision or distribution of any portion of the Settlement Amount.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Defendants' Releasees harmless for any fees, Taxes, investment decisions, maintenance, supervision or distribution of the Settlement Amount.

### USE OF SETTLEMENT FUND

10.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-30 below.  The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, or by an Order of the Court.

11.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest the Settlement Amount deposited in the Escrow Account pursuant to ¶ 8 exclusively in instruments

or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and Defendants' Releasees shall have no responsibility for, interest in or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

12.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel, or its designated agent, shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection

19

therewith.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

13.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.     The Settlement is not a claims-made settlement.   Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, their insurance carrier(s), or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, subject to the Court's preliminary approval of the Settlement, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable.  Such costs

and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to the Settling Persons' insurance carriers.  Plaintiffs, Lead Counsel, Defendants and Defendants' Counsel shall not bear any liability for Notice and Administration Costs.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Settling Persons will take no position with respect to Lead Counsel's request for an award of attorneys' fees, costs and expenses. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such attorneys' fees and Litigation Expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral

attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Effective Date does not occur, the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not part of the Settlement set forth in this Stipulation, is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and Litigation Expenses or the reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class are to be considered separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the attorneys' fees and Litigation Expenses or any appeal from any order relating thereto or reversal or modification thereof shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require,  shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Defendants' obligation to provide its securities holders' records as provided in ¶ 20 below, none of the Defendants, nor any other Defendants' Releasees shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel

23

shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at www.BristowSecuritiesSettlement.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  It shall solely be Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse to Defendants' Releasees with respect to any claims they may have that arise from any alleged failure of the notice process. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, the Settling Persons shall use their best efforts to secure from Bristow (or such person or entity as may be in control thereof) and provide to the Claims Administrator in electronic format (at no cost to Plaintiffs, the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of the holders of Bristow Common Stock during the Settlement Class Period.

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid and timely Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate

court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23. Any Settlement Class Member who does not submit a valid and timely Claim Form within such period as may be ordered by the Court, or otherwise allowed, will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

25. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed or submitted online by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

27.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations

27

concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 36 below), and the time to do so has expired;

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation, and the time to do so has expired; and

(e)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.      Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.      If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation (including the Supplemental Agreement described in ¶ 36 below); (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court does not approve the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)      Plaintiffs and Defendants shall revert to their respective positions in the Action as of November 3, 2020, without prejudice to any claim, defense or other position.

(c)      The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 15, 17, 37 and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to such person or entity as Settling Persons may direct.  In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

35.     It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and/or Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be

considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, Defendants shall have the unilateral right to terminate the Settlement and render it null and void in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and/or filed under seal and request that the Court afford it confidential treatment.

## <u>NO ADMISSION OF WRONGDOING</u>

37.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity

of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under any complaint filed in this Action, including the CAC, would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **DUE DILIGENCE**

38.      The Parties have conferred in good faith and agreed on an appropriate set of documents to be produced to Lead Counsel, as reasonably necessary for Lead Counsel to confirm

33

in good faith that the Settlement is fair, reasonable, and adequate to the Settlement Class (the "Confirmatory Discovery").

## **MISCELLANEOUS PROVISIONS**

39.     All of the exhibits attached hereto and the Supplemental Agreement are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation. In the event such motion to vacate is granted, the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

41.     For the avoidance of doubt, each Plaintiffs' Releasee and Defendants' Releasee that is not a party hereto is an intended third-party beneficiary of the relevant Releases in this Stipulation.  Each Plaintiffs' Releasee and Defendants' Releasee has standing to enforce the

relevant Releases in this Stipulation, and may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed Melnick, Esq. of JAMS, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs

and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.   All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.  Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all Settlement Class Members shall be barred and enjoined from prosecuting any of Plaintiffs' Released Claims against any of Defendants' Releasees.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel: | Susman Godfrey LLP<br>Attn:  Barry Barnett, Esq.<br>         Michael C. Kelso, Esq.<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 651-9366<br>bbarnett@susmangodfrey.com<br>mkelso@susmangodfrey.com<br><br>- and -<br><br>Kirby McInerney LLP<br>Attn: Ira M. Press, Esq.<br>        Thomas W. Elrod, Esq.<br>250 Park Avenue, Suite 820<br>New York, NY  10177<br>Telephone: (212) 371-6600<br>ipress@kmllp.com<br>telrod@kmllp.com |
| If to Defendants: | King & Spalding LLP<br>Attn:  Paul R. Bessette, Esq.<br>         Michael J. Biles, Esq.<br>         Tyler W. Highful, Esq.<br>         Jessica England, Esq.<br>500 W. 2nd Street, Suite 1800 |

Austin, TX 78701
Telephone: (512) 457-2000
pbessette@kslaw.com
mbiles@kslaw.com
thighful@kslaw.com
jengland@kslaw.com

57.     Except as otherwise provided herein, each Party shall bear its own costs.

58.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

59.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

## NOTICE AS REQUIRED BY CAFA

61.     Settling Persons shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").  Defendants shall provide a copy of such notices as well as proof of service of such notices to Lead Counsel.  In accordance with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days after any such requisite notices are served.  All costs and expenses related thereto shall

be paid solely by the Settling Persons' directors and officers insurers under the aforementioned directors and officers insurance policies.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 27, 2021.

**SUSMAN GODFREY LLP**

By: _Barry Barnett_
Barry Barnett
Michael C. Kelso
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
bbarnett@susmangodfrey.com
mkelso@susmangodfrey.com

**KIRBY McINERNEY LLP**

By: _Ira Press_
Ira M. Press
Thomas W. Elrod
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
ipress@kmllp.com
telrod@kmllp.com

*Lead Counsel for Plaintiffs
and the Settlement Class*

**KING & SPALDING LLP**

By: _____
Paul R. Bessette Attorney-in-Charge
Michael J. Biles
Tyler W. Highful
Jessica England
500 W. 2nd Street, Suite 1800
Austin, Texas 78701
Telephone: (512) 457-2000
pbessette@kslaw.com
mbiles@kslaw.com
thighful@kslaw.com
jengland@kslaw.com

***Counsel for Defendants***
***Jonathan E. Baliff and L. Don Miller***