# EXHIBIT A-1

EXHIBIT A-1

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE BRISTOW GROUP INC. SECURITIES LITIGATION | Case No.: 4:19-cv-00509 (KPE) |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of Texas (the "Court"), if, during the period from February 8, 2018 through and including February 12, 2019 (the "Settlement Class Period"), you purchased or otherwise acquired common stock of Bristow Group, Inc. ("Bristow"), and you were injured thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs Andrew Abernathey, Jay Abernathey, Guy Abernathey and Meridian Investments I, LLC ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), and Defendants Jonathan Baliff and L. Don Miller (collectively, "Defendants" or "Settling Persons") have reached a proposed settlement of the Action for $6,250,000 in cash that, if approved, will resolve all claims of Settlement Class members, whether known or unknown, in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the proposed Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Bristow, Defendants in the Action, or**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated January 27, 2021 (the "Stipulation"), which is available at www.BristowSecuritiesSettlement.com.

1

their counsel, or the Court. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 81 below).

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 30 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of your own or any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT OR THE REQUEST FOR FEES AND EXPENSES BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, among others, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 202_ AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Filing a written objection and notice of intention to appear by _____, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement |

|  | Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

1.      **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Settling Persons Jonathan Baliff and L. Don Miller violated the federal securities laws as a result of improper conduct caused Bristow's stock to trade at artificially inflated prices during the Settlement Class Period.  A more detailed description of the Action is set forth in ¶¶ 11-20 below.  The proposed Settlement, if approved by the Court, will settle all claims, both known and unknown, of the Settlement Class, as defined in ¶ 21 below.

2.      **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $6,250,00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.   The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3.      **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Bristow common stock publicly traded on the New York Stock Exchange ("NYSE") purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.40.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, (a) the number of Settlement Class Members who file claims, (b) the number of shares of Bristow common stock Settlement Class Members purchased/acquired and sold during the Settlement Class Period, and (c) when and at what prices they purchased/acquired or sold shares of Bristow common stock during the Settlement Class Period. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Defendants disagree with Lead Plaintiffs concerning the number of allegedly damaged shares and the amount of per-share recoverable damages in the event that Lead Plaintiffs were to

prevail in this Action.  Defendants also maintain that they committed no violation of the federal securities laws.

5.     **Attorneys' Fees and Expenses Sought:** Lead Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Kirby McInerney LLP and Susman Godfrey L.L.P., will apply to the Court for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $100,000.  Lead Counsel will also request that special service payments of up to $5,000 each be paid from the aggregate Settlement Fund to each of the Lead Plaintiffs for their service as representatives on behalf of the whole Settlement Class.  Any fees and/or expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Bristow, if the Court approves Lead Counsel's fee and expense application, is $0.14 per eligible share.

6.     **Identification of Plaintiffs' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Ira M. Press, Esq. and Thomas W. Elrod, Esq. of Kirby McInerney LLP, 250 Park Avenue, Suite 820, New York, NY 10177, (212) 371-6600, and Barry Barnett, Esq. and Michael C. Kelso, Esq. of Susman Godfrey L.L.P., 1000 Louisiana, Suite 5100, Houston, TX 77002-5096, (713) 651-9366.

7.     **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. The factors that Lead Plaintiffs considered in agreeing to settle the litigation include, among other things, the following facts and risks:

    a.    Although Lead Plaintiffs and Lead Counsel believe they would ultimately prevail on the claims, they recognize the significant risk that the operative complaint would be dismissed given the stringent requirements of the Private Securities Litigation Reform Act of 1995.

    b.    Even though the complaint survived Defendants' motion to dismiss, Lead Plaintiffs would have faced numerous hurdles including at the class certification stage, during completion of fact and expert discovery, at summary judgment, trial and in subsequent appeals.

    c.    Lead Plaintiffs have determined that there are obstacles to establishing Defendants' liability and any damages.  These obstacles include, among other things:

i.      that Lead Plaintiffs may be unable to prove that any materially inaccurate statements Defendants made concerning Bristow's internal controls, were made with the requisite state of mind to support the securities fraud claim alleged; and

ii.     that the class proposed by Lead Plaintiffs would not be certified, and/or that it might only be certified for part of the class period for which certification was sought.

Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

[END OF COVER PAGE]

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? ...................................................................Page [ ]
What Is This Case About? ...................................................................................Page [ ]
How Do I Know If I Am Affected By The Settlement? Who Is Included
    In The Settlement Class? ..............................................................................Page [ ]

What Are Lead Plaintiffs' Reasons For The Settlement? ....................................Page [ ]
What Might Happen If There Were No Settlement? .............................................Page [ ]
How Are Settlement Class Members Affected By The Action And
    The Settlement? ............................................................................................Page [ ]
How Do I Participate In The Settlement?  What Do I Need To Do?.....................Page [ ]
How Much Will My Payment Be?........................................................................Page [ ]
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? ..................................................................Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? ...........................................................................Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?..........................................................................Page [ ]
What If I Bought Shares On Someone Else's Behalf? .........................................Page [ ]
Can I See The Court File?  Whom Should I Contact If I Have Questions? ..........Page [ ]

## WHY DID I GET THE POSTCARD NOTICE?

8.     The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased/acquired Bristow common stock during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.BristowSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to

5

understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.       The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, how to share in the Settlement Fund, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraph 70 below for details about the Settlement Hearing, including the date and location of the hearing.

10.       The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.       This case is brought as a federal securities class action on behalf of all persons or entities who, between February 8, 2018 and February 12, 2019, inclusive, purchased or otherwise acquired Bristow common stock and were damaged thereby.

12.       Bristow, at all relevant times, was a Delaware corporation headquartered in Houston, Texas that provided industrial aviation services, primarily through its fleet of approximately 400 rotary (helicopter) and fixed-wing aircraft.

13.       Two class action complaints were filed in the United States District Court for the Southern District of Texas, which by Order dated May 14, 2019 were consolidated and Lead Plaintiffs and Lead Counsel were approved and appointed by the Court.

14.       On May 11, 2019, Bristow filed for bankruptcy protection and implemented a Chapter 11 reorganization plan confirmed by the U.S. Bankruptcy Court for the Southern District of Texas on October 4, 2019. Pursuant to the "Order (i) Approving the Disclosure Statement, (ii) Confirming the Amended Joint Chapter 11 Plan of Reorganization of Bristow Group Inc. and Its Debtor Affiliates, as Further Modified and (iii) Granting Related Relief," only claims against Defendants were excluded from the third-party releases. *See In re Bristow Group Inc.*, Case No. 19-32713 (DRJ) (Bankr. S.D. Tex.) (Dkt. No. 822-1 at ¶ 40).

15.       On November 4, 2019, Lead Plaintiffs filed a Consolidated Class Action Complaint ("CAC" or "Complaint") for Violations of the Federal Securities Laws asserting claims under (1) Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5

6

promulgated thereunder; and (2) Section 20(a) of the Exchange Act against Defendants. Among other things, the Complaint alleged that during the Settlement Class Period, Defendants made false and/or materially misleading statements concerning Bristow's internal controls relating to non-financial covenants, which inflated the price of Bristow publicly traded common stock.

16. On January 3, 2020, Defendants filed a motion to dismiss the Complaint. Following the completion of briefing on that motion, the District Court held a telephonic hearing on Defendants' motion to dismiss on May 22, 2020. The District Court denied Defendants' motion at the conclusion of the telephonic hearing.

17. Lead Plaintiffs continued their investigation into the claims asserted and although the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action. On October 15, 2020, the Parties participated in a mediation session before Jed D. Melnick, Esq., an experienced mediator. The Parties exchanged detailed mediation statements that addressed, among other things, issues related to liability and damages which were submitted to the mediator in advance of a full-day mediation session. The mediation session did not result in a settlement. Following the mediation sessions, the Parties resumed litigation as settlement negotiations continued. Settlement negotiations resulted in a mediator's proposal for a settlement of $6.25 million that includes confirmatory discovery, which both Parties accepted. Thereafter, all proceedings were stayed in the district court.

18. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Settlement are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

19. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing or liability, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 31 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiffs or Plaintiffs' Releasees of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

20. On _____ __, 2021, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice

to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
| --- |

21.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

all Persons[2] or entities who, between February 8, 2018 and February 12, 2019, inclusive, purchased or otherwise acquired Bristow's common stock and were damaged thereby.

Excluded from the Settlement Class are the Settling Persons; members of the Settling Persons' Immediate Families; the Settling Persons' legal representatives, heirs, executors, administrators, predecessors, successors, assignees or assigns, and any entity in which they have or had a controlling interest; any trust of which any Settling Person is the settlor or which is for the benefit of any Settling Person and/or member(s) of his or her family; Defendants' liability insurance carriers; and the current and former officers and directors of the Company.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [ ] below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.BristowSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____ __, 2021.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

22.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue the claims against the remaining Defendants through trial and appeals, as well as the very substantial obstacles they would face in establishing liability and damages.  Defendants had numerous avenues of attack that could preclude a recovery as to those challenged statements. For example, they would assert that any materially inaccurate statements they made were not made

---

[2] "Person" or "Persons" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

with the requisite state of mind to support the securities fraud claim alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be vigorously contested. Lead Plaintiffs would have to prevail at several stages – including motions for class certification, summary judgment, trial, and (if they prevailed on those) the appeals that would likely to follow. Thus, Lead Plaintiffs faced very significant risks attendant to the continued prosecution of the Action.

23.     In light of these risks, the amount of the Settlement and the certainty and immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $6,250,00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals, possibly years in the future.

24.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement is not and may not be construed as an admission of any wrongdoing, fault, or liability on the part of the Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.     If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either on summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

26.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

27.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page __ below.

9

28.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

29.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against the Defendants and the Defendants' Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

30.     "Released Plaintiffs' Claims" means all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Settlement Class: (i) asserted in any complaint filed in this Action including the CAC; or (ii) could have asserted in any forum that arise out of or are related to any of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, representations or omissions involved, set forth, or referred to in any complaint filed in this Action including the CAC, that relate to, directly or indirectly, the purchase or sale or other acquisition, disposition, or holding of any Bristow Securities during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

31.     "Defendants' Releasees" means the Settling Persons, Bristow, and any other person who was an officer, director or employee of Bristow during the Settlement Class Period (including their Immediate Family members, heirs, executors, estates, trusts, successors, assigns, administrators, representatives, attorneys, agents, insurers and reinsurers, and any entities controlled by any of the Settling Persons), in their capacities as such.

32.     "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its settlement with

and release, or might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of any Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs and Defendants shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

34. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

11

35.     "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

36.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____ __, 2021**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.BristowSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-749-0019 or emailing info@BristowSecuritiesSettlement.com.  Please retain all records of your ownership of and transactions in Bristow common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement because the deadline for Settlement Class members to file claims has not passed yet.  As a result, the total number of shares for which valid timely claims are filed, and the prices and dates on which those shares were purchased and sold, are unknown and unknowable.

38.     Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid six million two hundred and fifty thousand dollars ($6,250,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court); and (d) any award to the Lead Plaintiffs of the Action for their service on behalf of the class - will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired and/or such approval is upheld on any appeal.

12

40.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

41.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____ __, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 30 above) against the Defendants' Releasees (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

43.     Participants in, and beneficiaries of, a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Bristow common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Bristow common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

44.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Bristow common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

### **PROPOSED PLAN OF ALLOCATION**

47.     The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result

of the alleged violations of the federal securities laws, as opposed to losses caused by market, industry, or company-specific factors or factors unrelated to the alleged violations of law. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48.      The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period in which Lead Plaintiffs allege corrective information was entering the market place. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts between February 8, 2018 through and including February 12, 2019 (the "Settlement Class Period"), which had the effect of artificially inflating the price of Bristow common stock.

49.      In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of Bristow common stock.  Lead Plaintiffs allege, among other things, that artificial inflation was removed from the price of Bristow common stock as a result of the alleged corrective disclosures that occurred on February 6, 2019, February 11, 2019, and February 12, 2019.[3]  Accordingly, in order to have a Recognized Loss Amount, Bristow common stock purchased or otherwise acquired during the Settlement Class Period must have been held through at least one of these alleged corrective disclosure dates and must have suffered a loss.

50.      To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

51.      Based on the formulas set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Bristow common stock that was publicly traded on the NYSE during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number or zero, that Recognized Loss Amount shall be zero.

52.      For each share of Bristow common stock that was purchased or otherwise acquired during the period from February 8, 2018 through and including February 6, 2019, that was:

       a.      sold prior to February 7, 2019, the Recognized Loss is $0;

---

[3] Any transactions in Bristow common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

b.    sold between February 7, 2019 and February 11, 2019, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $3.24, minus (b) the greater of the sale price and $2.71; and

c.    sold on February 12, 2019, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $3.24, minus (b) the greater of the sale price and $1.84; and

d.    remained unsold after February 12, 2019, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $3.24, minus (b) the greater of the sale price and $1.20.

53.    For all Bristow common stock that were purchased or otherwise acquired during the period from February 7, 2019 and February 11, 2019, that were:

a.    sold prior to February 12, 2019, the Recognized Loss shall be $0; and

b.    sold on February 12, 2019, the Recognized Loss shall be equal to the: (a) the lesser of the purchase price and $3.06, minus (b) the greater of the sale price and $1.84.

c.    remained unsold after February 12, 2019, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $3.06, minus (b) the greater of the sale price and $1.20.

54.    For each share of Bristow common stock that was purchased or otherwise acquired on February 12, 2019:

a.    that was sold on February 12, 2019, the Recognized Loss shall be equal to the: (a) the less of the purchase price and $3.06, minus (b) the greater of the sale price and $1.84;

b.    remained unsold after February 12, 2019, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $3.06, minus (b) the greater of the sale price and $1.20.

**ADDITIONAL PROVISIONS**

55.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 58 below) is $10.00 or greater.

56.    To the extent an Authorized Claimant had an aggregate gain from his, her or its purchases or acquisitions of Bristow common stock during the Settlement Class Period, the value of his, her or its total Recognized Loss will be zero. Such Authorized Claimant shall in any event be bound by the Settlement. To the extent that an Authorized Claimant suffered an overall loss from his, her or its purchases or acquisitions of Bristow common stock during the Settlement Class

15

Period, but the loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the actual loss. Purchases that were made in order to cover short sales are ineligible and will not be included in the Recognized Loss calculation; however, any aggregate gains with respect to short sales that were covered after February 6, 2019 shall be offset against the Recognized Loss on other transactions. All purchases and sales of Bristow common stock during the Settlement Class Period shall be matched on a Last-In-First-Out ("LIFO") basis.

57.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all Bristow common stock.

58.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

59.     Purchases or acquisitions and sales of Bristow common stock that was publicly traded on the NYSE shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. However, for Bristow common stock that were put to investors pursuant to put options sold by those investors, the purchase of Bristow common stock shall be deemed to have occurred on the date that the put option was sold, rather than the date on which the Bristow common stock was subsequently put to the investor pursuant to that option. The proceeds of any put option sales shall be offset against any losses from Bristow common stock purchased or otherwise acquired during the Settlement Class Period. Any shares acquired though the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Claim arising from such transaction shall be computed as provided for other purchases of Bristow common stock as set forth herein.

60.     The receipt or grant by gift, devise, inheritance or operation of law of Bristow common stock during the Settlement Class Period shall not be deemed to be a purchase, acquisition or sale of Bristow common stock for the calculation of an Authorized Claimant's Recognized Loss Amount if the Person from which the Bristow common stock was received did not themselves purchase or acquire the common stock during the Settlement Class Period, nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such Bristow common stock unless specifically provided in the instrument or gift or assignment.

61.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized

16

Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Investor Protection Trust, to be recommended by Lead Counsel and approved by the Court.

62.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

63.      The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.BristowSecuritiesSettlement.com.

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

64.      Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Lead Counsel in an amount not to exceed 33% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $100,000, and may also seek awards for the Lead Plaintiffs, pursuant to the Private Securities Litigation Reform Act, in an amount not to exceed $5,000 each. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses, or payment of any awards for the Lead Plaintiffs. Such sums as may be approved by the Court will be paid solely from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

65.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Bristow Group Inc. Securities Litigation*, ATTN: EXCLUSION/OBJECTION REQUEST, c/o Angeion Group, P.O. Box 58220, Philadelphia, PA 19102.  The exclusion request must be ***received*** no later than _____ ___, 2021.  You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Bristow Group Inc. Securities Litigation*, Case No.: 4:19-cv-00509 (KPE)"; (c) identify and state the number of Bristow common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between February 8, 2018 and February 12, 2019, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

66.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

67.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

68.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

69.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

70.    The Settlement Hearing will be held on _____ __, 202_ at __:__ _.m., before the Honorable Keith P. Ellison at the United States District Court for Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, TX 77002.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

71.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

72.   The Court can only approve or deny the settlement, not change its terms. You can ask the Court to deny approval by filing an objection.

73.   Objections must be in writing to the Court.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, either (a) in person at any location of the United States District Court for the Southern District of Texas; or (b) by mail, to the Clerk's Office at the United States District Court for the Southern District of Texas at the address set forth below on or before _____ ___, 2021.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the mailed and email addresses set forth below so that the papers are *received* **on or before _____ __, 2021.**

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of Texas Clerk of the Court United States Courthouse P.O. Box 61010 Houston, TX 77208 | KIRBY MCINERNEY LLP Attn: Ira M. Press Thomas W. Elrod 250 Park Avenue, Suite 820 New York, NY 10177 ipress@kmllp.com telrod@kmllp.com <br><br> - and - <br><br> SUSMAN GODFREY LLP Attn: Barry Barnett Michael C. Kelso 1000 Louisiana, Suite 5100 Houston, TX 77002 bbarnett@susmangodfrey.com mkelso@susmangodfrey.com | KING & SPALDING LLP Attn: Paul R. Bessette Michael J. Miles Tyler W. Highful Jessica England 500 W. 2nd Street, Suite 1800 Austin, TX 78701 pbessette@kslaw.com mbiles@kslaw.com thighful@kslaw.com jengland@kslaw.com |

74.   Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) clearly identify the case name and number (*In re Bristow Group Inc. Securities Litigation*, Case No.: 4:19-cv-00509 (KPE); (c) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of Bristow common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between February 8, 2018 and February 12, 2019, inclusive), as well as the dates

and prices of each such purchase and sale. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

75.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

76.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____, **2021**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

77.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court at the address set forth in ¶ 73 above so that the notice is *received* **on or before** _____, **2021**.

78.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

79.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
| --- |

80.    If you purchased or otherwise acquired Bristow common stock between February 8, 2018 and February 12, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to

20

Claims Administrator, c/o Bristow Group Securities Litigation Settlement, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.15 per Postcard Notice plus actual postage if the Postcard Notice is mailed by the broker or nominee; or $ 0.05 per Postcard Notice transmitted by email by the broker or nominee; or $ 0.05 per name, mailing address, and email address (to the extent available), by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.BristowSecuritiesSettlement.com, by calling the Claims Administrator toll-free at (844) 749-0019, or emailing info@BristowSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

81.    This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.BristowSecuritiesSettlement.com, by contacting Lead Counsel at (212) 371-6600 or, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, TX 77002, between 8:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays. The Settlement Agreement, any related orders entered by the Court, and other relevant documents also are available on the Settlement website, at www.BristowSecuritiesSettlement.com.

All inquiries concerning the Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

|  |  |  |
|---|---|---|
| | | Ira M. Press, Esq. |
| | | Thomas W. Elrod, Esq. |
| Claims Administrator | | KIRBY McINERNEY LLP |
| c/o Bristow Group Securities | | 250 Park Avenue, Suite 820 |
| Litigation Settlement | | New York, NY 10177 |
| 1650 Arch Street, Suite 2210 | and | (212) 371-6600 |
| Philadelphia, PA 19103 | /or | |
| Telephone: (844) 749-0019 | | Barry Barnett, Esq. |
| www.BristowSecuritiesSettlement.com | | Michael C. Kelso, Esq. |
| info@BristowSecuritiesSettlement.com | | SUSMAN GODFREY L.L.P. |
| | | 1000 Louisiana, Suite 5100 |
| | | Houston, TX 77002-5096 |
| | | (713) 651-9366 |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____ ___, 2021     **By Order of the Court**
                                        **United States District Court**
                                        **Southern District of Texas**

22