# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE BRISTOW GROUP INC.
SECURITIES LITIGATION

Case No. 4:19-cv-00509 (KPE)

**DECLARATION OF THOMAS W. ELROD IN SUPPORT OF LEAD COUNSEL'S**
**MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF**
**LITIGATION EXPENSES FILED ON BEHALF OF**
**KIRBY McINERNEY LLP**

I, Thomas W. Elrod, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner at the law firm of Kirby McInerney LLP, one of Lead Counsel in the above-captioned action (the "Action"). I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the Action, as well as for reimbursement of expenses incurred in connection with the Action. I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

2.      Together with Co-Lead Counsel Susman Godfrey LLP, Kirby McInerney has been preparing this case for trial since March 2019 in hard-fought litigation against skilled opposing counsel. We also faced an additional significant obstacle: Bristow's May 2019 bankruptcy. Lead Counsel's efforts are detailed at ¶¶ 21-47 in the Joint Declaration of Barry Barnett and Thomas W. Elrod in Support of Lead Plaintiffs' Unopposed Motion & Memorandum of Law for: (1) Final Approval of Class Action Settlement; (2) Approval of Plan of Allocation; (3) Award of Attorneys' Fees and Expenses; and (4) Award to Lead Plaintiff Filed Concurrently.

3.      The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by attorneys and professional support staff of my firm who were involved

in, and billed fifteen or more hours to, this Action, and the lodestar calculation for those individuals based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based on the billing rates for such personnel in their final year of employment by my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm. Time expended on Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses has also been excluded. Before submitting this declaration, my firm's time and expenses were reviewed for accuracy, necessity, and reasonableness. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. As a result of this review and adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought are reasonable in amount and were necessary for the efficient prosecution and resolution of this Action.

4. The hourly rates for the attorneys and professional support staff of my firm included in Exhibit 1 are in line with the rates by other lawyers at law firms handling large, complex class action litigation and/or have been accepted in other complex or class action litigation, subject to subsequent annual increases.

5. The total number of hours reflected in Exhibit 1 is 1,562.40 hours. The total lodestar reflected in Exhibit 1 for that period is $1,084,755.50, consisting of $875,973.00 for attorneys' time and $208,782.50 for professional support staff time.

6. My firm's lodestar figures are based on the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.    As detailed in Exhibit 2, my firm is seeking reimbursement for a total of $52,453.57 in litigation expenses incurred in connection with the prosecution of this Action.

8.    The litigation expenses reflected in Exhibit 2 are the actual incurred expenses or reflect "caps" based on application of the following criteria:

(a)    For out-of-town travel, airfare is at coach rates.

(b)    Hotel charges per night are capped at $250 for per night.

(c)    Meals are capped at $20 per person for breakfast, $25 per person for lunch, and $50 per person for dinner.

(d)    Online research charges reflect only out-of-pocket payments to the vendors for research done in connection with this litigation.  Online research is billed based on actual time usage at a set charge by the vendor.  There are no administrative charges included in these figures.

9.    The expenses incurred in this Action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.

10.    My firm has reviewed the time and expense records that form the basis of this declaration to correct any billing errors.

11.    Attached hereto as Exhibit 3 are brief biographies of my firm and all attorneys for whose work on this case fees are being sought.

I declare, under penalty of perjury, that the foregoing facts are true and correct.  Executed on July 1, 2021 in New York, New York.

                                                */s/ Thomas W. Elrod*

                                                Thomas W. Elrod

**EXHIBIT 1**
**KIRBY McINERNEY LLP**
**TIME REPORT**

**FROM INCEPTION THROUGH JUNE 25, 2021**

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| Thomas Elrod | 478.20 | $800 | $382,560.00 |
| Mark Strauss* | 85.60 | $950 | $81,320.00 |
| | | | |
| **Of Counsel** | | | |
| Ira Press | 253.90 | $995 | $252,630.50 |
| Henry Telias | 64.00 | $950 | $60,800.00 |
| Beverly Tse-Mirza | 91.40 | $700 | $63,980.00 |
| | | | |
| **Associates** | | | |
| Emily Finestone* | 17.80 | $475 | $8,455.00 |
| Cecilia Kim** | 80.70 | $325 | $26,227.50 |
| | | | |
| **Analysts** | | | |
| Ori Braun | 309.00 | $475 | $146,775.00 |
| Lu Liu | 39.00 | $325 | $12,675.00 |
| Elaine Mui | 37.10 | $475 | $17,622.50 |
| | | | |
| **Paralegals** | | | |
| Jesse Claflin* | 105.70 | $300 | $31,710.00 |
| | | | |
| **TOTALS** | **1,562.40** | | **$1,084,755.50** |

\* The time for former employees was recorded prior to their departures and reflect their billing rates in his or her final year of employment.

\*\* Cecilia Kim is an associate whose admission to the New York State Bar is pending.

**EXHIBIT 2**
**KIRBY McINERNEY LLP**
**EXPENSE REPORT**

**FROM INCEPTION THROUGH JUNE 25, 2021**

| CATEGORY | AMOUNT |
|---|---|
| Bankruptcy Counsel | $9,750 |
| Court Filing Fees & Hearing Transcripts | $908.10 |
| Experts | $6,785.00 |
| Investigative Services | $16,143.20 |
| Legal Research Charges | $5,077.86 |
| Mediation Fees | $12,132.00 |
| Telephone | $297.67 |
| Transportation, Hotels & Meals | $1,359.74 |
|  |  |
| **TOTAL EXPENSES** | **$52,453.57** |

**EXHIBIT 3**
**KIRBY McINERNEY LLP**
**FIRM RÉSUMÉ AND BIOGRAPHIES**



**Kirby McInerney LLP** is a specialist plaintiffs' litigation firm with expertise in securities, antitrust, commodities, structured finance, whistleblower, health care, consumer, and other fraud litigation.

KM brings experience, intelligence, creativity and dedication to bear in defending our clients' interests against losses, generally in cases of corporate malfeasance. We utilize cutting edge strategies that bring high – and have even brought unprecedented – recoveries for our clients: institutional and other types of investors. We have achieved and are pursuing landmark results in the fields of securities fraud, corporate governance, commodities fraud, consumer, antitrust, health care and ERISA litigation, representing our clients in class actions or, if appropriate, individual litigation.

KM has been a pioneer in securities class action law, and is one of the oldest firms in the field, with over 70 years of experience. Throughout the history of our firm, we have procured ground-breaking victories for our clients. From our victory in *Schneider v. Lazard Freres*, No. 38899, M-6679 (N.Y. App. Div. 1st Dept. 1990), which set the precedent that investment banks have direct duties to the shareholders of the companies they advise, to our procurement of the first-ever appellate reversal of a lower court's dismissal of a class action suit pursuant to the PSLRA in *In re GT Interactive Securities Litigation*, No. 98-cv-0095 (S.D.N.Y. 2000), to our recovery of an unprecedented 100 cents on the dollar for our clients in *In re Cendant Corp. PRIDES Litigation*, No. 98-cv-2819 (D. N.J. 2000), KM has helped to chart the nuances of the U.S. securities laws, and has procured superior results in the process. KM has recovered billions of dollars for our clients, and the average recoveries that we procure in each individual case are among the very best in the field.

Today, our attorneys are leading some of the largest and most significant securities litigations related to the subprime fallout of 2008 on behalf of investors such as the New York State Common Retirement Fund and the New York City Pension Funds. The firm settled one of the largest of all of the subprime cases – *In re Citigroup Inc. Securities Litigation*, No. 07-cv-9901 (S.D.N.Y.) – for $590 million. We also obtained a $168 million recovery for the class in *In re National City Corporation Securities, Derivative & ERISA Litigation*, No. 08-cv-70004 (N.D.Oh), a case related to the alleged misrepresentation of the nature and quality of many of National City's loans, the company's designation of unsellable loans as "held for sale," and their alleged understatement of the loan loss reserves, amongst other offenses. Finally, we also procured a $75 million settlement for the class in *In re Wachovia Equity Securities Litigation*, No. 08-cv-6171 (S.D.N.Y.), a similar subprime-related lawsuit.

Some of our other notable securities work includes:

- *In re BISYS Securities Litigation*, No. 04-cv-3480 (S.D.N.Y. 2007). We were co-lead counsel to the Police and Fire Retirement System for the City of Detroit and to a class of investors in connection with securities class action litigation against BISYS and Dennis Sheehan, BISYS President and Chief Operating Officer. The claim alleged that BISYS and Sheehan violated 10(b) of the Securities Exchange

Act of 1934 and Rule 10-5 thereunder by disseminating false and misleading information in press releases and SEC filings throughout the class period. Plaintiffs alleged that as a result of the misleading statements including inaccurate financial reporting, the price of BISYS common stock was inflated and investors who purchased stock at this time were damaged. Our work in this case included: drafting and oversight of pleadings and briefs; motions for *inter alia,* lead plaintiff appointment, dismissal, class certification; propounding and responding to discovery requests; review of document production; taking and defending of depositions; and filing and taking of appeals. This securities class action resulted in a total recovery of $66 million for the class.

- *In re Adelphia Communications Corp. Securities & Derivative Litigation*, No. 03 MDL 1529 (S.D.N.Y. 2007). We were co-lead counsel to Argent Classic Convertible Arbitrage Fund L.P., Argent Classic Convertible Arbitrage Fund, Ltd., Argent Lowlev Convertible Arbitrage Fund, Ltd., and a class of investors in *In re Adelphia Communications Corp. Securities & Deriv. Litig.,* one of the largest cases of improper self-dealing by insiders in corporate history. Our work on this case included drafting and oversight of pleadings and briefs relating to lead plaintiff appointment, motions to dismiss, and collateral litigation concerning, *inter alia*, the issuer's bankruptcy. Our work also included review of document production, consultation with experts, negotiations in settlement mediation, settlement, and advocacy of the proposed settlement in district court and on appeal. This securities class action resulted in a total recovery of $478 million for the class.

- *In re AT&T Wireless Tracking Stock Securities Litigation*, No. 00-cv-8754 (S.D.N.Y. 2006). We acted as sole lead counsel to the Soft Drink & Brewery Workers Local 812 Retirement Fund, a Taft-Hartley pension fund, and a class of investors in connection with *In re AT&T Corp. Securities Litigation*. The class was comprised of investors who purchased AT&T Wireless tracking stock in an April 26, 2000 initial public offering and through May 1, 2000 on the open market. The action asserted that the prospectus and registration statement used for the IPO misled investors about AT&T's prospects and recent results. Our work in this case included: drafting and oversight of pleadings and briefs; arguing motions for *inter alia,* lead plaintiff appointment, dismissal, class certification, expert and evidence disqualifications, and assorted motions relating to discovery disputes; propounding and responding to discovery requests; review of document production; and taking and defending of over one hundred depositions. KM succeeded in procuring a settlement of $150 million for the class on the eve of trial, following extensive trial preparation.

- *Rite Aid Corp.* (E.D. Pa. 2005). We represented a group of investment funds that lost more than $10 million in Rite Aid common stock and debt transactions in connection with an individual action, *Argent Classic v. Rite Aid*. Although an investor class action was already underway, KM filed the individual action on the belief that our clients could realize greater *pro rata* recovery on their multi-million dollar losses through an individual action than through a class action, where classwide damages were in the billions of dollars (and likely exceeded the ability of Rite Aid to pay). KM's clients were able to assert claims under Section 18 of the 1934 Act, which many courts hold cannot be asserted on a classwide basis. The class action eventually settled for less than 10¢ on the dollar. Thereafter, with the stay lifted, KM defeated defendants' motion to dismiss the individual action, and the parties agreed to mediate the claims. KM ultimately settled the claims of their institutional clients. Although confidentiality agreements entered in connection with the settlement prevent disclosure of terms, the settlement provided our clients with a percentage recovery which the clients found very satisfactory and which vindicated the decision to pursue an individual claim.

**Thomas W. Elrod** is a partner based in our New York office focusing on securities, commodities, and antitrust litigation. From 2015-2020, Mr. Elrod was named a Top Rated Securities Litigation "Rising Star" Attorney by Super Lawyers. Mr. Elrod joined the firm in 2011.

Some of Mr. Elrod's relevant securities experience includes:

- Co-lead counsel in *Kokareva v. Bristow Group Inc.*, a securities class action alleging that an aviation services provider focused on the oil and gas sector, made materially false and misleading statements about its internal controls relating to covenants in the company's secured financing agreements.  The case resulted in a $6.25 million settlement that has received preliminary approval.
- Lead counsel in *In re Citigroup Inc Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case settled for $590 million.
- Class counsel in *Shah v. Zimmer Biomet Holdings*, a securities class action alleging that a medical device company did not disclose systemic quality issues at its manufacturing facility. The case resulted in a $50 million settlement.
- Lead counsel in *In re Hi-Crush Partners L.P. Securities Litigation*, a class action alleging that fracking sand producer Hi-Crush Partners misled shareholders regarding a major customer relationship. This case resulted in a $3.8 million settlement.
- Lead counsel in *Barfuss v. DGSE Companies, Inc.*, a securities class action alleging that a company that sold precious metals to wholesale and retail customers filed materially misleading financial statements. The case resulted in a $1.7 million settlement.
- Co-lead counsel in *In re Resonant Inc. Securities Litigation*, a securities class action alleging that a mobile phone component company misled investors concerning its ability to meet the terms of a development agreement. The case resulted in a $2.75 million settlement.
- Representation of municipal issuers, including governmental entities and hospital systems, in FINRA arbitrations alleging misrepresentations by underwriters in connection with Auction Rate Securities issuances.

Some of Mr. Elrod's relevant antitrust experience includes:

- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and

options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.

- Lead counsel on behalf of a proposed class of Brent crude oil futures traders alleging benchmark manipulation in *In re North Sea Brent Crude Oil Futures Litigation*.
- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.*, alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.

Some of Mr. Elrod's other relevant experience includes:

- Representation of a nationwide class of residential mortgage loan borrowers in *Rothstein v. GMAC Mortgage LLC*, a class action alleging violations of the Racketeer Influence and Corrupt Organizations Act. This litigation resulted in a $13 million settlement against GMAC Mortgage.
- Representation of SEC, CFTC, and FCA whistleblowers who claim that their companies have violated federal law or defrauded the United States Government.

Mr. Elrod is admitted to the New York State Bar, New Jersey State Bar, U.S. District Courts for the Southern and Eastern Districts of New York, U.S. District Court for the District of New Jersey, and U.S. Courts of Appeals for the 2nd, 3rd, 7th, and 9th Circuits. He graduated from the University of Chicago (B.A., 2005) and Boston University School of Law (J.D., 2009).

***



**Beverly Mirza** is Of Counsel to the firm and practices out of our New York office, concentrating on antitrust and securities litigation. Ms. Mirza joined the firm in 2004.

Ms. Mirza's relevant experience includes:

- Representation of a class of consumers in connection with *In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions*. This case involves Unocal's manipulation of the standard-setting process for low-emissions reformulated gasoline in California, which increased retail prices of reformulated gasoline. This litigation resulted in a $48 million recovery for the class.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in a partial settlement of over $180 million.

- Representation, as one of the firms with primary responsibility for the case, of a class of purchasers of computers containing Intel's microprocessor chips in Coordination *Proceedings Special Title, Intel x86 Microprocessor Cases*.
- Representation, as executive committee member, of a class of retailers in *In re Chocolate Confectionary Antitrust Litigation*, alleging price fixing claims against a group of chocolate manufacturers in the United States and abroad.
- Representation of a class of sellers in *In re Ebay Seller Antitrust Litigation*, alleging monopolization claims against Ebay.
- Representation of an objector to the settlement in *Reynolds v. Beneficial National Bank* in the United States Northern District Court for the District of Illinois.  Ms. Mirza and KM were lauded by the presiding judge for their "intelligence and hard work," and for obtaining "an excellent result for the class."

Ms. Mirza is admitted to the California State Bar and the U.S. District Courts for the Northern and Central Districts of California. She graduated from California State University of Los Angeles (B.S., *magna cum laude*, 2000) and California Western School of Law (J.D., 2004).

***



**Ira M. Press** is Of Counsel to the firm and practices out of our New York office. Mr. Press's practice focuses on securities and consumer litigation. He joined the firm in 1993, and currently leads the firm's institutional investor monitoring program. In this capacity, he has provided advisory services to numerous government pension funds and other institutional investors. He has authored articles on securities law topics and has lectured to audiences of attorneys, experts and institutional investor fiduciaries.

Mr. Press's advocacy has resulted in several landmark appellate decisions, including *Rothman v. Gregor*, the first ever appellate reversal of a lower court's dismissal of a securities class action suit pursuant to the 1995 Private Securities Litigation Reform Act.

Some of Mr. Press's relevant experience includes:

- Co-lead counsel in *Kokareva v. Bristow Group Inc.*, a securities class action alleging that an aviation services provider focused on the oil and gas sector, made materially false and misleading statements about its internal controls relating to covenants in the company's secured financing agreements.  The case resulted in a $6.25 million settlement that has received preliminary approval.
- Counsel in *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.*, alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.

 **KIRBY McINERNEY**

5

- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. During the class period, the company's stock fell from approximately $37 to $6. This case resulted a settlement of $168 million.
- Representation of the New York City Pension Funds as lead plaintiff in a class action against Wachovia Corporation arising from Wachovia's alleged misrepresentations of their exposure to the subprime market. This case resulted in a settlement of $75 million.
- Lead counsel in *In re Citigroup Inc Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case settled for $590 million.

Prior to joining KM, Mr. Press practiced at Warshaw Burstein Cohen Schlesinger & Kuh, LLP, where he focused on commercial litigation. Mr. Press is admitted to the New York State Bar, U.S. District Courts for the Eastern, Northern and Southern Districts of New York, U.S. District Court for the District of Colorado, and the U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits. He graduated from Yeshiva University (B.A., *magna cum laude*, 1986) and New York University Law School (J.D., 1989).

***



**Henry Telias** is Of Counsel to the firm and practices out of our New York office, specializing in accountants' liability and securities litigation. Mr. Telias joined the firm in 1997.

In addition to his legal work, Mr. Telias is also the firm's chief forensic accountant. He holds the CFF credential (Certified in Financial Forensics) and the PFS credential (Personal Financial Specialist) from the American Institute of Certified Public Accountants. He received his CPA license from New York State in 1982. Prior to practicing as an attorney, he practiced exclusively as a certified public accountant from 1982 to 1989, including 3 years in the audit and tax departments of Deloitte Haskins & Sells' New York office.

Some of Mr. Telias's relevant experience includes:

- Lead counsel in *In re Citigroup Inc. Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case recently settled for $590 million.
- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from

National City's alleged misrepresentations regarding exposure to subprime mortgage related losses.  This case resulted in a settlement of $168 million.

- Representation of the New York City Pension Funds as lead plaintiff in a class action against Wachovia Corporation arising from Wachovia's alleged misrepresentations of their exposure to the subprime market.  This case resulted in a settlement of $75 million.
- Lead counsel for a certified class of purchasers of PRIDES securities in connection with the Cendant Corporation accounting fraud in *In re Cendant Corporation PRIDES Litigation*.  This litigation resulted in an approximate $350 million settlement for the certified class – an unprecedented 100 percent recovery.

Mr. Telias is admitted to the New York State Bar and the U.S. District Court for the Southern District of New York. He graduated from Brooklyn College (B.S., *cum laude*, 1980) and Hofstra University School of Law (J.D., 1989).

***



**Cecilia Kim** is an associate (admission pending to the New York State Bar) practicing out of our New York office concentrating on securities matters.

Ms. Kim received her J.D. from Cardozo Law School in 2020, where she was the Managing Editor of the International Comparative Policy & Ethics Law Review and the President of the Asian Pacific American Law Student Association. She has also received the following awards:

- Cardozo Service and Achievement Faculty Award (2020)
- Korean American Lawyers of Greater New York Law Student Award (2018)

During her last year of law school, Ms. Kim worked in her school's Securities Arbitration Clinic as student counsel, advising and representing clients on securities fraud cases.

Ms. Kim is currently serving as co-chair of the Student Outreach Committee in the Asian American Bar Association of New York.

**Former KM Attorneys:**



**Mark A. Strauss** was a partner in our New York office focusing on whistleblower, securities, and consumer fraud litigation. Mr. Strauss left the firm in 2020.

Having joined the firm in 2001, Mr. Strauss has substantial appellate, trial, and arbitration experience, and his advocacy has resulted in many notable decisions, including *Reading Health Sys. v. Bear Stearns & Co.* (3d Cir. 2018), which held that banks cannot require institutional clients to waive FINRA arbitration rights. Mr. Strauss has a growing practice representing hedge funds and other large investors in individual securities opt-out litigation. He has also successfully litigated consumer fraud class actions under the Racketeer Influenced and Corrupt Organizations Act (RICO), represented victims of Ponzi schemes and investment frauds, and developed a track record representing whistleblowers in federal *qui tam* cases involving the wrongful evasion of import duties.

Some of Mr. Strauss's relevant experience includes:

- Representation of *qui tam* whistleblowers in federal False Claims Act cases involving import duty fraud. Successfully obtained a significant 20% whistleblower award for our client in *U.S. ex rel Dickhudt v. Winds Enters.*, and a 19% award in *U.S. ex rel Karlin v. Noble Jewelry Co.*
- Lead Counsel for mortgage borrowers in RICO class actions involving undisclosed kickbacks resulting in overcharges for Lender-Placed Insurance, including *Rothstein v. GMAC Mortg.*, where we obtained a $13 million recovery, and *Parker v. AHMSI Ins. Agency*.
- Representation of a family trust in individual securities opt-out litigation against Credit Suisse involving the collapse of the volatility-linked VelocityShares Daily Inverse VIX Short-Term Exchange-Traded Note (XIV).
- Representation of municipal issuers of auction rate securities in FINRA arbitrations alleging misrepresentations and market manipulation by underwriters.
- Lead Counsel in *In re Citigroup Inc. Securities Litigation*, a securities class action involving Citigroup's nondisclosure of exposure to toxic mortgage-backed securities. This case resulted in $590 million settlement.
- Co-Lead Counsel in *In re Adelphia Commc'n Corp. Securities Litigation*, a securities class action involving the nondisclosure of massive liabilities and self-dealing by what was then the fifth largest cable television company in the United States. This case resulted in $460 million in settlements.
- Co-Lead Counsel in *Cromer Fin. v. Berger*, a class action involving a hedge fund that was operated as a Ponzi scheme in which we recovered $65 million for victims.
- Class Counsel in *Serino v. Lipper*, which involved the overvaluation of a hedge fund's investment portfolio and in which we recovered $29.9 million for the class.

- Co-Lead Counsel in *Lapin v. Goldman Sachs Group, Inc.*, a securities class action alleging that a major investment bank omitted to disclose conflicts of interest that impaired the objectivity and independence of its securities analysts. This case resulted in a $29 million settlement.
- Lead Counsel in *Argent Classic v. Amazon.com*, a bondholder securities class action. This case resulted in a $20 million settlement.
- Co-Lead Counsel in *John Hancock Life v. Goldman Sachs & Co.*, a bondholder securities class action involving a fiberglass manufacturer's asbestos liabilities. This case resulted in a $19.25 million settlement.

Prior to joining KM, Mr. Strauss practiced at Christy & Viener LLP and Cahill Gordon & Reindel LLP where he defended corporate clients in complex litigation and class actions. Mr. Strauss is admitted to the New York State Bar, California State Bar, U.S. District Courts for the Eastern and Southern Districts of New York, and U.S. District Courts for the Northern, Southern, and Central Districts of California. He graduated from Cornell University (B.A., 1987) and Fordham University School of Law (J.D., 1993), where he was Associate Editor of the Law Review.

***



**Emily C. Finestone** was an associate based in our New York office concentrating on antitrust and whistleblower/qui tam litigation.  Ms. Finestone left the firm in 2020.

She began her legal career at Kirby McInerney and rejoined the firm in 2019.  Prior to returning to the firm, Ms. Finestone worked on complex commercial litigation matters at Shepherd, Finkelman, Miller & Shah LLP and later at LeClairRyan PLLC, where she assisted with whistleblower cases, consumer class actions, antitrust litigation, and ERISA suits in federal courts nationwide.

Ms. Finestone is admitted to the New York, Massachusetts, and Pennsylvania State Bars.  She graduated from the University of Virginia (B.A. 2012) and Boston University School of Law (J.D. 2015). Publications include SAC's Insider Trading, 33 Rev. Banking & Fin.L. 11(2013); Eliminating the Tax on Embezzled Funds: A Call for Reform 34 Rev. Banking & Fin. L. 713 (2015).

**Client & Adversary Recognition**

KM received the highest available commendations from the City of NY four years in a row for its work on the AWP Litigation.  In each of those four years, KM's efforts on the City's behalf received the overall rating of "excellent". The City elaborated, "*Kirby did a truly excellent job and the results reflect that*".

"*The case has been in front of the Supreme Court of the United States once, and in front of the Ninth Circuit no fewer than three times. Throughout, [KM] has . . . brought a considerable degree of success . . . and thwarted attempts by other counsel who sought to settle . . . and destroy a potential billion dollars of class rights.*"

**Plaintiff / client,**
**Epstein v. MCA, Inc.**

"*[The KM firm] proved to be a highly able and articulate advocate. Single-handedly, [KM] was able to demonstrate not only that [KM's] client had a good case but that many of the suspicions and objections held by the Nigerian Government were ill-founded.*"

**English adversary in The Nigerian Cement Scandal**

"*[KM] represented us diligently and successfully. Throughout [KM's] representation of our firm, [KM's] commitment and attention to client concerns were unimpeachable.*"

**European institutional defendant /client**
**involved in a multi-million dollar NASD arbitration**

"*Against long odds, [KM] was able to obtain a jury verdict against one of the larger, more prestigious New York law firms.*"

**Plaintiff / client,**
**Vladimir v. U.S. Banknote Corporation**

"*[KM] represented our investors with probity, skill, and diligence. There is too much money involved in these situations to leave selection of class counsel to strangers or even to other institutions whose interests may not coincide.*"

**Plaintiff / institutional client,**
**In re Cendant Corporation PRIDES Litigation**

**KM** **KIRBY McINERNEY**

10

**Notables**

The firm has repeatedly demonstrated its ability in the field of class litigation and our success has been widely recognized.  For example:

*Rothstein v. GMAC Mortgage LLC*, No. 12-cv-3412 (S.D.N.Y.).  Lead counsel. $13 million settlement against GMAC Mortgage LLC in *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y. 2016).

*Globis Capital Partners, L.P., et al. v. The Cash Store Financial Services Inc., et al.*, No. 13-cv-3385 (S.D.N.Y. 2015):  Co-lead counsel. CAD $13,779,167 cash settlement, representing roughly 50% of total class-wide stock losses.

*Dandong v. Pinnacle Performance Ltd.*, No. 10-cv-08086 (S.D.N.Y. 2015).  Lead counsel.  $20 million settlement.

*In re Hi-Crush Partners L.P. Securities Litigation*, No. 12-cv-8557 (S.D.N.Y. 2015).  Lead counsel. $3.8 million settlement while class certification was pending.

*In re Citigroup Inc. Securities Litigation*, No. 07-cv-9901 (S.D.N.Y. 2013).  Lead counsel.  $590 million settlement.

*Barfuss v. DGSE Companies, Inc.*, No. 12-cv-3664 (N.D. Tex. 2013). Lead Counsel.  $1.7 million settlement.

*In re National City Corporation Securities, Derivative & ERISA Litigation*, No. 08-cv-70004 (N.D. Ohio 2012).  Lead counsel.  $168 million settlement.

*In re Wachovia Equity Securities Litigation*, No. 08-cv-6171 (S.D.N.Y. 2012).  Lead counsel.  $75 million settlement.

*In re BP Propane Indirect Purchaser Antitrust Litigation*, No. 06-cv-3541 (N.D.Ill. 2010).  Co-lead counsel.  $15 million settlement on behalf of propane purchasers.

*In re J.P. Morgan Chase Cash Balance Litigation*, No. 06-cv-732 (S.D.N.Y. 2010).  Co-lead counsel.

> "Plaintiff's counsel operated with a strong, genuine belief that they were litigating on behalf of a group of employees who had been injured and who needed representation and a voice, and, at great expense to [themselves], made Herculean efforts on behalf of the class over years…they're to be commended for their fight on behalf of people that they believed had been victimized."

*In re Pfizer Inc. Shareholder Derivative Litigation*, No. 09-cv-7822 (S.D.N.Y.).  Pfizer agreed to pay a proposed settlement of $75 million and to make groundbreaking changes to the Board's oversight of regulatory matters.

*In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456; *City of New York, et al. v. Abbott Laboratories, et al.*, No. 01 Civ. 12257 (D. Mass).  KM represented the State of Iowa, the City of New York, and forty-two New York State counties in a lawsuit against forty defendant drug manufacturers asserting that they manipulated their average wholesale price data to inflate prices charged to government drug benefits payers.  Recovery of over $225 million for the plaintiffs.

*In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions*, No. 05-cv-01671 (C.D. Cal).  Lead counsel.  $48 million settlement for indirect purchasers.

*In re BISYS Securities Litigation*, No. 04-cv-3840 (S.D.N.Y. 2007).  Co-lead counsel.  $66 million settlement.

> "In this Court's experience, relatively few cases have involved as high level of risk, as extensive discovery, and, most importantly, as positive a final result for the class members as that obtained in this case."

*Cox v. Microsoft Corporation*, Index No. 105193/00, Part 3 (N.Y. Sup. Ct.).  Lead counsel. $350 million settlement.

*In re AT&T Corp. Securities Litigation*, No. 00-cv-8754 (S.D.N.Y. 2006).  Lead counsel. $150 million settlement.

*In re Adelphia Communications, Inc. Securities Litigation*, No. 04-cv-05759 (S.D.N.Y. 2006).  Co-lead counsel.  $478 million settlement.

> "[T]hat the settlements were obtained from defendants represented by 'formidable opposing counsel from some of the best defense firms in the country' also evidences the high quality of lead counsels' work."

*Lapin v. Goldman Sachs & Co.*, No. 04-cv-2236 (S.D.N.Y.).  Co-lead counsel.  $29 million settlement.

*Montoya v. Herley Industries, Inc.*, No. 06-cv-2596 (E.D. Pa).  Lead counsel.  $10 million settlement.

*Carnegie v. Household International Inc., et al.*, No. 98-cv-2178 (N.D.Ill. 2006).  Co-lead counsel.  $39 million settlement.

"Since counsel took over the representation of this case . . ., they have pursued this case, conducting discovery, hiring experts, preparing for trial, filing motions where necessary, opposing many motions, and representing the class with intelligence and hard work. They have obtained an excellent result for the class."

*Dutton v. Harris Stratex Networks Inc. et al.*, No. 08-cv-00755 (D.Del).  Lead counsel.  $8.9 million settlement.

*In re Isologen Inc. Securities Litigation*, No. 05-cv-4983 (E.D. Pa.).  Lead counsel.  $4.4 million settlement.

*In re Textron, Inc. Securities Litigation*, No. 02-cv-0190 (D.R.I.).  Co-lead counsel.  $7 million settlement.

*Argent Convertible Classic Arbitrage Fund, L.P. v. Amazon.com, Inc. et al.*, No. 01-cv-0640L (W.D. Wash. 2005).  Lead counsel.  $20 million settlement for class of convertible euro-denominated bond purchasers.

*Muzinich & Co., Inc. et al. v. Raytheon Company et al.*, No. 01-cv-0284 (D. Idaho 2005).  Co-lead counsel.  $39 million settlement.

*Gordon v. Microsoft Corporation*, No. 00-cv-5994 (Minn. Dist. Ct., Henn. Cnty. 2004).  Co-lead counsel.  $175 million settlement following two months of trial.

*In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-cv-5238 (E.D.N.Y. 2003).  $3 billion monetary settlement and injunctive relief.

*In re Florida Microsoft Antitrust Litigation*, No. 99-cv-27340 (Fl. Cir. Ct. 11th Cir., Miami/Dade Cnty. 2003).  Co-lead counsel.  $200 million settlement of antitrust claims.

*In re Churchill Securities, Inc.* (SIPA Proceeding), No. 99 B 5346A (Bankr. S.D.N.Y. 2003).  Lead counsel.  Over $9 million recovery for 500+ victims of pyramid scheme perpetrated by defunct brokerage firm.

*In re Laidlaw Bondholder Securities Litigation*, No. 00-cv-2518-17 (D. S.C. 2002).  Lead counsel.  $42.8 million settlement.

*Cromer Finance v. Berger et al.* (*In re Manhattan Fund Securities Litigation*), No. 00-cv-2284 (S.D.N.Y. 2002).  Co-lead counsel.  $65 million settlement in total.

*In re Boeing Securities Litigation*, No. 97-cv-715 (W.D. Wash. 2001).  $92.5 million settlement.

*In re MCI Non-Subscriber Telephone Rates Litigation*, MDL No. 1275 (S.D. Ill. 2001).  Chairman of steering committee.  $88 million settlement.

*In re General Instrument Corp. Securities Litigation*, No. 01-cv-1351 (E.D. Pa. 2001).  Co-lead counsel. $48 million settlement.

*In re Bergen Brunswig/Bergen Capital Trust Securities Litigation*, 99-cv-1305 and 99-cv-1462 (C.D. Cal. 2001).  Co-lead counsel.  $42 million settlement.

*Steiner v. Aurora Foods*, No. 00-cv-602 (N.D. Cal. 2000).  Co-lead counsel.  $36 million settlement.

*Gerber v. Computer Associates International, Inc.*, No. 91-cv-3610 (E.D.N.Y. 2000).  Multi-million dollar jury verdict in securities class action.

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000).  Principal counsel of record in appeal that resulted in first ever appellate reversal of the dismissal of a securities fraud class action under the Securities Reform Act of 1995.

*Bartold v. Glendale Federal Bank*, 81 Cal.App.4th 816 (2000).  Ruling on behalf of hundreds of thousands of California homeowners establishing banks' duties regarding title reconveyance.

*In re Cendant Corporation PRIDES Litigation*, 51 F. Supp. 2d 537, 542 (D. N.J. 1999).  Lead counsel. $340 million settlement.

> "[R]esolution of this matter was greatly accelerated by the creative dynamism of counsel." * * * "We have seen the gifted execution of responsibilities by a lead counsel."

*In re Waste Management, Inc. Securities Litigation*, No. 97C 7709 (N.D. Ill. 1999). Co-lead counsel. $220 million settlement.

> "...[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases... in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here... I would say this has been the best representation that I have seen."

*In re Bennett Funding Group, Inc. Securities Litigation*, No. 96-cv-2583 (S.D.N.Y. 1999).  Co-lead counsel.  $140 million settlement ($125 million recovered from Generali U.S. Branch, insurer of Ponzi

scheme instruments issued by Bennett Funding Group; $14 million settlement with Mahoney Cohen, Bennett's auditor).

*In re MedPartners Securities Litigation*, No. 98-cv-06364 (Ala. June 1999).  Co-lead counsel.  $56 million settlement.

*In re MTC Electronic Technologies Shareholder Litigation*, No. 93-cv-0876 (E.D.N.Y. 1998).  Co-lead counsel.  Settlement in excess of $70 million.

*Skouras v. Creditanstalt International Advisers, Inc., et al.*, NASD Arb., No. 96-05847 (1998).  Following an approximately one month hearing, successfully defeated multi-million dollar claim against major European institution.

*In re Woolworth Corp. Securities Class Action Litigation*, No. 94-cv-2217 (S.D.N.Y. 1997).  Co-lead counsel.  $20 million settlement.

*In re Archer Daniels Midland Inc. Securities Litigation*, No. 95-cv-2877 (C.D. Ill. 1997).  Co-lead counsel.  $30 million settlement.

*Vladimir v. U.S. Banknote Corp.*, No. 94-cv-0255 (S.D.N.Y. 1997).  Multi-million dollar jury verdict in § 10(b) action.

*In re Archer Daniels Midland Inc. Securities Litigation*, No. 95-cv-2877 (C. D. Ill. 1997).  Co-lead counsel.  $30 million settlement.

*Epstein et al. v. MCA, Inc., et al*., 50 F.3d 644 (9th Cir. 1995), *rev'd and remanded on other grounds, Matsushita Electric Industrial Co., Ltd. et al. v. Epstein et al.,* No. 94-1809, 116 S. Ct. 873 (February 27, 1996).  Lead counsel.  Appeal resulted in landmark decision concerning liability of tender offeror under section 14(d)(7) of the Williams Act, SEC Rule 14d-10 and preclusive effect of a release in a state court proceeding. In its decision granting partial summary judgment to plaintiffs, the court of appeals for the Ninth Circuit stated:

> "The record shows that the performance of the Epstein plaintiffs and their counsel in pursuing this litigation has been exemplary."

*In re Abbott Laboratories Shareholder Litigation*, No. 92-cv-3869 (N.D. Ill. 1995).  Co-lead counsel. $32.5 million settlement.

> "The record here amply demonstrates the superior quality of plaintiffs' counsel's preparation, work product, and general ability before the court."

*In re Morrison Knudsen Securities Litigation*, No. 94-cv-334 (D. Id. 1995).  Co-lead counsel.  $68 million settlement.

*In re T2 Medical Inc. Securities Litigation*, No. 94-cv-744 (N.D. Ga. 1995).  Co-lead counsel.  $50 million settlement.

*Gelb v. AT&T*, No. 90-cv-7212 (S.D.N.Y. 1994).  Landmark decision regarding filed rate doctrine leading to injunctive relief.

*In re International Technology Corporation Securities Litigation*, No. 88-cv-40 (C.D. Cal. 1993).  Co-lead counsel.  $13 million settlement.

*Colaprico v. Sun Microsystems*, No. 90-cv-20710 (N.D. Cal. 1993).  Co-lead counsel.  $5 million settlement.

*Steinfink v. Pitney Bowes, Inc.*, No. B90-340 (JAC) (D. Conn. 1993).  Lead counsel.  $4 million settlement.

*In re Jackpot Securities Enterprises, Inc. Securities Litigation*, No. CV-S-89-05-LDG (D. Nev. 1993).  Lead counsel.  $3 million settlement.

*In re Nordstrom Inc. Securities Litigation*, No. C90-295C (W.D. Wa. 1991).  Co-lead counsel.  $7.5 million settlement.

*United Artists Litigation*, No. CA 980 (Sup. Ct., L.A., Cal.).  Trial counsel.  $35 million settlement.

*In re A.L. Williams Corp. Shareholders Litigation*, C.A. No. 10881 (Delaware Ch. 1990).  Lead counsel.  Benefits in excess of $11 million.

*In re Triangle Inds., Inc., Shareholders' Litigation*, C.A. No. 10466 (Delaware Ch. 1990).  Co-lead counsel.  Recovery in excess of $70 million.

*Schneider v. Lazard Freres*, No. 38899, M-6679 (N.Y. App. Div. 1st Dept. 1990).  Co-lead counsel.  Landmark decision concerning liability of investment bankers in corporate buyouts.  $55 million settlement.

*Rothenberg v. A.L. Williams*, C.A. No. 10060 (Delaware. Ch. 1989).  Lead counsel.  Benefits of at least $25 million to the class.

*Kantor v. Zondervan Corporation*, No. 88-cv-C5425 (W.D. Mich. 1989).  Lead counsel.  Recovery of $3.75 million.

*King v. Advanced Systems, Inc.*, No. 84-cv-C10917 (N.D. Ill. E.D. 1988).  Lead counsel.  Recovery of $3.9 million (representing 90% of damages).

*Straetz v. Cordis*, No. 85-cv-343 (S.D. Fla. 1988).  Lead counsel.

> "I want to commend counsel and each one of you for the diligence with which you've pursued the case and for the results that have been produced on both sides. I think that you have displayed the absolute optimum in the method and manner by which you have represented your respective clients, and you are indeed a credit to the legal profession, and I'm very proud to have had the opportunity to have you appear before the Court in this matter."

*In re Flexi-Van Corporation, Inc. Shareholders Litigation,* C.A. No. 9672 (Delaware. Ch. 1988).  Co-lead counsel.  $18.4 million settlement.

*Entezed, Inc. v. Republic of Nigeria*, I.C.C. Arb. (London 1987).  Multi-million dollar award for client.

*In re Carnation Company Securities Litigation*, No. 84-cv-6913 (C.D. Cal. 1987).  Co-lead counsel.  $13 million settlement.

*In re Data Switch Securities Litigation*, B84 585 (RCZ) (D. Conn. 1985).  Co-lead counsel.  $7.5 million settlement.

*Stern v. Steans*, No. 80-cv-3903.  The court characterized the result for the class obtained during trial to jury as "unusually successful" and "incredible" (Jun 1, 1984).

*In re Datapoint Securities Litigation*, No. 82-cv-338 (W.D. Tex.).  Lead counsel for a Sub-Class.  $22.5 million aggregate settlement.

*Malchman, et al. v. Davis, et al.*, No. 77-cv-5151 (S.D.N.Y. 1984):

> "It is difficult to overstate the far-reaching results of this litigation and the settlement. Few class actions have ever succeeded in altering commercial relationships of such magnitude. Few class action settlements have even approached the results achieved herein.... In the present case, the attorneys representing the class have acted with outstanding vigor and dedication . . . Although the lawyers in this litigation have appeared considerably more in the state courts than in the federal court, they have appeared in the federal court sufficiently for me to attest as to the high professional character of their work. Every issue which has come to this court has been presented by both sides with

a thoroughness and zeal which is outstanding .... In sum, plaintiffs and their attorneys undertook a very large and difficult litigation in both the state and federal courts, where the stakes were enormous. This litigation was hard fought over a period of four years. Plaintiffs achieved a settlement which altered commercial relationships involving literally hundreds of millions of dollars."