# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE BRISTOW GROUP INC. SECURITIES LITIGATION | Case No. 4:19-cv-00509 (KPE) |

**DECLARATION OF JOSEPH G. EPSTEIN IN SUPPORT OF LEAD COUNSEL'S**
**MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF**
**LITIGATION EXPENSES FILED ON BEHALF OF**
**JOSEPH G. EPSTEIN PLLC**

I, Joseph G. Epstein, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.　　I am the manager of the professional limited liability company Joseph G. Epstein

PLLC ("*Epstein*" or the "*Firm*"), a law firm, whose office is 24 Greenway Plaza, Suite 970,

Houston, Texas 77046, and am duly admitted to practice in the State of Texas and the United States

District Court and Bankruptcy Court for the Southern, Northern, Eastern, and Western Districts of

Texas.

2.　　I submit this Declaration in support of Lead Counsel's application for an award of

attorneys' fees in connection with services rendered in the above-captioned action (the "*Action*"),

as well as for reimbursement of expenses incurred in connection with the Action.  I have personal

knowledge of the facts set forth herein and, if called upon, could and would testify thereto.  Some

of that personal knowledge is based upon a review of the records of the Firm.

3.　　My firm is a general business and corporate bankruptcy law firm with experience

and expertise in all facets of bankruptcy, corporate reorganizations, workouts, corporate, and

business law.  My experience spans nearly 33 years in all areas of bankruptcy and business

restructuring, Chapter 7 liquidation, Chapter 11 business reorganization, insolvency, creditors'

rights, receiverships, commercial real estate, energy and energy services, oil and gas and Chapter 9 municipal insolvency. I have represented trustees, debtors, secured lenders, asset purchasers and other stakeholders in complex reorganization, class action, commercial litigation, and transaction matters. I have represented plaintiffs and defendants in a wide variety of complex commercial bankruptcy litigation including, preference and fraudulent transfer litigation, relief from automatic stay, objections to proofs of claim, contested confirmation hearings, valuation disputes, enforcing contract rights, lien avoidance, insider litigation, equitable subordination, contract disputes and assumption and assignment of contracts and leases.

4. In June 2019, Lead Counsel retained my law firm to serve as Bankruptcy Counsel after Bristow Group Inc. and certain of its affiliates (the "***Debtors***") commenced Chapter 11 bankruptcy proceedings that impacted the claims asserted in this Action. *See In re Bristow Group Inc., et al.*, Jointly Administered Case No. 19-32713 (DRJ) (Bankr. S.D. Tex.) (the "***Bankruptcy Cases***").

5. Lead Counsel engaged my Firm on a hybrid fee arrangement, with an agreed payment for my services, on an hourly, non-contingent basis for the first 30 hours of services expended and a contingent fee for all services in excess of 30 hours of incurred in my representation. The non-contingent portion of my fee was paid at a rate of $500 per hour, which was my standard billing rate at the time. The Firm expended a total of 122 hours on the engagement as Bankruptcy Counsel. Lead Counsel paid my firm $15,000.00 for the agreed upon first 30 hours of services performed. Lead Counsel made that payment to me shortly after that portion of my services was rendered in 2019. The Firm, through Lead Counsel, seeks compensation for the remaining 92 hours of services performed as part of Lead Counsel's application to this Court for an award of attorneys' fees. In that application, Lead Counsel also

seeks reimbursement of the $15,000.00 that they paid to my Firm in 2019. See Joint Declaration of Barry Barnett and Tom Elrod at ¶81. This Declaration relates solely to the 92 hours of contingent services provided on behalf of the Lead Plaintiff and Lead Counsel. A description of my Firm's services, excluding the 30 hours for which compensation was paid by Lead Counsel, is described in the following paragraph.

6.    My law firm performed professional services in three categories in connection with the Bankruptcy Cases:

**Bankruptcy Case Administration**

Services in the category of bankruptcy case administration included monitoring and reviewing all pleadings filed in the Bankruptcy Cases with a view toward analyzing impact of the various bankruptcy proceedings on the claims being asserted against the debtor defendant parties and non-debtor defendant parties to the Action. Services also included attending hearings before the Bankruptcy Court after the first day hearings and participating in strategy calls with Lead Counsel on actions in Bankruptcy Cases. These efforts also included communications with counsel for the Chapter 11 debtors, the Ad Hoc Equity Holders' Committee and its counsel, Lead Counsel, and the Lead Plaintiff representatives appointed in the Action.

**Disclosure Statement Objection**

Services in the category of disclosure statement objection included the review of the Disclosure Statement and related exhibits in support of the Joint Chapter 11 Plan of Reorganization of Bristow Group Inc. and Its Debtor Affiliates ("***Disclosure Statement***"), the emergency motion to conditionally approve the Disclosure Statement, and the preparation of a detailed objection to the adequacy of the information contained in the Disclosure Statement. *See* Bankruptcy ECF No. 557. The objection raised concerns with the adequacy of the Debtors' disclosures relating to the proposed third-party releases as they would impact the holders of claims in the Action, disclosures relating to the business of the Debtors and the events leading to the commencement of the Bankruptcy Cases, the omission of any material discussion of the Action, questions relating to the Debtors' enterprise value, and various terms of the proposed Joint Chapter 11 Plan for Debtors (the "***Plan***"). The objection also included the preparation of detailed suggested language for the Debtors to include in the Plan or Confirmation Order to address the matters raised by the objection, including language relating to the Plan opt-out provisions for the third party releases, the preservation of rights of the putative class members with respect to claims against named officers and directors of the Debtors, and preservation of rights with respect to proceeds of D&O policies for purposes

of distributions to putative class members. These efforts also included attending contested hearings before the Bankruptcy Court on the conditional approval of the adequacy of the Disclosure Statement.

**Plan of Reorganization—Confirmation Objection**

Services in the category of plan of reorganization—confirmation objection included the review and preparation of a detailed objection to the confirmation of the Plan. *See* Bankruptcy ECF No. 693. The objection requested the Bankruptcy Court to deny confirmation of the Plan under controlling Fifth Circuit precedent because the Plan provided for broad releases of the Debtors' current and former directors and officers (as well as numerous other third parties). The objection was necessary to prevent the Plan releases from extinguishing the putative class's claims against current and former defendant parties in the Action and cutoff access to the $100 million in D&O liability insurance as a non-debtor source of recovery for the stockholders allegedly defrauded. The objection also noted that the third-party releases were being provided without consideration to the Existing holders of equity or holders of rescission damage claims under Section 510(b) of the Bankruptcy Code. Finally, as with the objection to Disclosure Statement, the objection to the Plan included proposed language to cure the objectionable terms. This category also included review of confirmation objections filed by the Ad Hoc Equity Committee, the Debtors' Amended Plan filed on the eve of the confirmation hearing, preparing and filing witness and exhibit lists for the contested confirmation hearings, and preparing trial and cross examination outlines for the contested hearings. Bankruptcy Counsel prepared for and attended two days of the contested confirmation hearing and cross examined the Debtors' Senior Vice President and Chief Financial Officer, Brain Allman, the Debtors' principal witness in support of confirmation of the Plan and the proposed releases, and James Deloia, the Director of Solicitation and Public Services with Prime Clerk, the Debtors' bankruptcy notice and plan solicitation agent. During the contested confirmation hearings, Bankruptcy Counsel participated in extensive negotiations with Debtors' Counsel and General Counsel, the Debtors' financial advisors, and Lead Counsel to resolve the confirmation objection and secure essential protective language in the Order Confirming Plan (Bankruptcy ECF No. 825) to preserve the opportunity of the putative class members to proceed the claims asserted in this Action.

7.    The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by attorneys of my firm who were involved in, and billed fifteen or more hours to, this Action, and the lodestar calculation for those individuals based on my firm's current billing rates. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm. Time expended on Lead Counsel's application for attorneys'

fees and reimbursement of litigation expenses has also been excluded. Finally, as discussed above, the first 30 hours of time my firm spent are excluded. Before submitting this declaration, my firm's time and expenses were reviewed for accuracy, necessity, and reasonableness. As a result of this review, reductions were made to time incurred in the exercise of billing judgment. As a result of this review and adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought are reasonable in amount and were necessary for the efficient prosecution and resolution of this Action.

8.      The hourly rates for the attorneys and professional support staff of my firm included in Exhibit 1 are in line with the rates by other lawyers at law firms handling complex bankruptcy cases in the Southern District of Texas and class action litigation and/or have been approved in other complex bankruptcy or class action litigation.

9.      The total number of hours reflected in Exhibit 1 is 92 hours. The total lodestar reflected in Exhibit 1 for that period is $54,740.00 in attorneys' time.

10.     My firm's lodestar figures are based on the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

11.     As detailed in Exhibit 2, my firm is seeking reimbursement for a total of $72.97 in litigation expenses incurred in connection with the prosecution of this Action. The litigation expenses reflected in Exhibit 2 are the actual incurred expenses.

12.     The expenses incurred in this Action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.

13.     My firm has reviewed the time and expense records that form the basis of this declaration to correct any billing errors.

14.     Attached hereto as Exhibit 3 are brief biographies of my firm and all attorneys for whose work on this case fees are being sought.

I declare, under penalty of perjury, that the foregoing facts are true and correct to the best of my knowledge and belief.

Executed on July 1, 2021, in Houston, Texas.

_____
Joseph G. Epstein

**EXHIBIT 1**
**JOSEPH G. EPSTEIN PLLC**
**TIME REPORT**

**FROM INCEPTION THROUGH JUNE 30, 2021**

| NAME | HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| **Partners** | | | |
| **Joseph G. Epstein** | 92 | $595.00 | $54,740.00 |
| **TOTALS** | **92** | $595.00 | **$54,740.00** |

**EXHIBIT 2**
**JOSEPH G. EPSTEIN PLLC**
**EXPENSE REPORT**

**FROM INCEPTION THROUGH JUNE 30, 2021**

| CATEGORY | AMOUNT |
|---|---|
| Court Fees | |
| Service of Process | |
| Online Legal Research | |
| Document Retrieval (Including Pacer) | |
| Telephones/Faxes | |
| Postage | |
| | |
| Local Travel & Parking | 72.97 |
| Out of Town Travel* | |
| Meals* | |
| Internal Copying | |
| Outside Copying | |
| Experts | |
| **TOTAL EXPENSES:** | **72.97** |

\* For out-of-town travel, airfare is at coach rates.  Out-of-town travel includes hotels capped at $250 per night.  All meals are capped at $20 per person for breakfast, $25 per person for lunch, and $50 per person for dinner.

**EXHIBIT 3**
**JOSEPH G. EPSTEIN PLLC**
**FIRM RÉSUMÉ AND BIOGRAPHIES**



## JOSEPH G. EPSTEIN PLLC



Joe Epstein has over 30 years of legal experience, spanning all areas of bankruptcy and business restructuring, Chapter 11 business reorganization, insolvency, creditors' rights, receiverships, and Chapter 9 municipal insolvencies. Joe regularly serves clients in the commercial real estate, oil field services, manufacturing, energy and energy services, and oil and gas industries. He represents debtors, secured lenders, asset purchasers and other stakeholders in complex reorganization, commercial litigation, and transaction matters.

Joe earned his law degree from the University of Houston Law Center and earned his undergraduate degree in Finance from the University of Texas at Austin. Joe is a frequent speaker and writer for continuing education seminars in the areas of Chapter 11 bankruptcy, business reorganization, real estate, small businesses, 363 sale agreements and insolvency law. When Joe is not practicing, writing or speaking on legal topics, he enjoys cycling and adventure travel, and is an active leader of the Jewish Community Center of Houston and the Hyde Park Civic Association.

## REPRESENTATIVE MATTERS

- Represented Fortune 100 strategic purchaser of substantially all assets of drilling tool manufacturer auctioned in 363 sale process
- Represented purchaser of all assets of specialty steel valve manufacturer under Chapter 11 plan
- Represented bidder of select business operations and real estate of national food and beverage companies
- Represented senior management in the Chapter 11 restructure of the business and financial operations of drill bit manufacturer
- Represented senior lender group in the sale of secured claims in Chapter 11 cases of refinery operation
- Represented strategic purchaser of substantially all assets of a global metal forging and specialty products business
- Represented specialty fuel and lubricant marketer in the purchase of Texas business operations of fuel and lubricant marketer in 363 sale transaction
- Represented Chapter 11 debtors in sale of assets and confirmation of reorganization plan and restructuring of debt of a regional competitive local exchange carrier and network infrastructure provider

- Represented senior management members with compensation and severance claims in Chapter 11 cases of a publicly listed offshore drilling company
- Represented senior lender in Chapter 11 cases of specialty skid manufacturing company
- Representation of owner managed businesses in out-of-court restructuring and refinancing of oil field service, chemical refining, and entertainment businesses
- Representation of landlords in Chapter 11 cases involving retail and restaurant reorganization cases
- Represented plaintiffs in securities fraud class action impacted by Chapter 11 filings of offshore transportation services companies
- Represented communications service providers in Chapter 11 filings of offshore communication service providers

**COMMUNITY ACTIVITIES**

- Arthur L. Moller/David B. Foltz, Jr. American Inns of Court (Past President)
- Jewish Community Center of Houston Endowment Fund (Board of Directors and President)
- Evelyn Rubenstein Jewish Community Center of Houston (Board of Directors and Executive Committee)
- Houston Livestock Show & Rodeo (Lifetime Member)
- Hyde Park Civic Association (Board of Directors and Treasurer)
- MS150 — Houstonian Club Hammerheads Team

**PUBLICATIONS, LECTURES & PRESENTATION TOPICS**

- *How can a business escape from the preference action nightmare?* Houston Business Journal
- *Bankruptcy: Cracking the Code,* 10th Annual CLE International Negotiating Leases Conference
- *Amendments to the Bankruptcy Code: How is your Business Affected?*
- *The Bankruptcy Abuse, Prevention and Consumer Protection Act of 2005*, 29th Annual Convention of Texas Association of Bank Counsel
- *Bankruptcy and Alternatives: Planning Ahead When Times are Bad,* University of Houston Law Foundation Advising Small Business Seminar
- *Cash Collateral. What is it? How does it work? Can counsel be held liable if Used Impermissibly?*
- *Retail Workouts: Can Even the Strong Survive?* State Bar of Texas 27th Annual Advanced Business Bankruptcy Course and Houston Bar Association Real Estate Section Lunch
- *Warning Signs and Problems Relating to Workouts,* Houston Commercial Finance Association
- *The Nuts & Bolts of Bankruptcy,* Houston Bar Association
- *The Top Ten Things Landlords Should Know When a Tenant Files Bankruptcy*
- *Certification of Direct Appeals and Withdrawal of the Reference,* South Texas Bench/Bar Conference and Small Business and Consumer Bankruptcy Conference
- *Section 363 Sales in Oil & Gas Bankruptcies: Purchasing Oil & Gas Assets, Navigating Procedures for Bankruptcy Acquisitions, Weighting Considerations Unique to Oil & Gas Assets, Mitigating Risks,* Strafford CLE Publications

**CONTACT**
P:713-222-8400
joe@epsteintexaslaw.com
www.epsteintexaslaw.com
24 Greenway Plaza, Suite 970, Houston, Texas 77046