**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE BRISTOW GROUP INC. SECURITIES LITIGATION | Case No. 4:19-cv-00509 (KPE) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, PLAN OF ALLOCATION, AND CERTIFICATION OF
SETTLEMENT CLASS; AND (II) LEAD COUNSEL'S MOTION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION
EXPENSES, AND SERVICE AWARDS FOR LEAD PLAINTIFFS
PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

**SUSMAN GODFREY LLP**
Barry Barnett
Michael C. Kelso
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
bbarnett@susmangodfrey.com
mkelso@susmangodfrey.com

**KIRBY McINERNEY LLP**
Ira M. Press (admitted *pro hac vice*)
Thomas W. Elrod (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
ipress@kmllp.com
telrod@kmllp.com

*Lead Counsel for Plaintiffs and the
Settlement Class*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT........................................................................................................................ 2

    I.      The Reaction of the Settlement Class Strongly Supports Approval of the
          Settlement and the Plan of Allocation ........................................................................ 2

    II.     The Reaction of the Settlement Class Supports Approval of the Requests for
          Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards
          for Lead Plaintiffs ...................................................................................................... 4

CONCLUSION..................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Cases**

*In re AT&T Corp. Sec. Litig.*,
No. 00 Civ. 5364, 2005 WL 6716404 (D.N.J. Apr. 25, 2005) .................................................. 3

*Bethea v. Sprint Commc'ns Co.*,
No. 12 Civ. 322, 2013 WL 228094 (S.D. Miss. Jan. 18, 2013) .................................................. 4

*Billitteri v. Sec. Am., Inc.*,
No. 09 Civ. 01568, 2011 WL 3586217 (N.D. Tex. Aug. 4, 2011) ............................................. 3

*Cook v. Howard Indus., Inc.*,
No. 11 Civ. 41, 2013 WL 943664 (S.D. Miss. Mar. 11, 2013) ................................................4-5

*In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*,
447 F. Supp. 2d 612 (E.D. La. 2006) ............................................................................ 3

*Erica P. John Fund, Inc. v. Halliburton Co.*,
No. 02 Civ. 1152, 2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ...................................... 2, 4, 5

*In re Heartland Payment Sys.*,
851 F. Supp. 2d 1040 (S.D. Tex. 2012) ..................................................................... 2

*Marcus v. J.C. Penney Co.*,
No. 13 Civ. 736, 2017 WL 6590976 (E.D. Tex. Dec. 18, 2017) ............................................. 3

*Melby v. Am.'s MHT, Inc.*,
No. 17 Civ. 155, 2018 WL 10399004 (N.D. Tex. June 22, 2018) ........................................... 3

*In re Pool Prods. Distribution Mkt. Antitrust Litig.*,
No. MDL 2328, 2015 WL 3486434 (E.D. La. June 2, 2015) .................................................... 3

*In re Rambus Inc. Derivative Litig.*,
No. 06 Civ. 3513, 2009 WL 166689 (N.D. Cal. Jan. 20, 2009) .............................................. 2

*Schwartz v. TXU Corp.*,
No. 02 Civ. 2243, 2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) ............................................. 3

*Turner v. Murphy Oil USA, Inc.*,
472 F. Supp. 2d 830 (E.D. La. 2007) ........................................................................... 3

*In re Waste Mgmt., Inc. Sec. Litig.*,
No. 99 H. 2183, 2002 WL 35644013 (S.D. Tex. May 10, 2002) ............................................. 4

**Statutes**

15 U.S.C. §78u-4(a)(4) ........................................................................................................ 2, 5

15 U.S.C. §78u-4(a)(6) ........................................................................................................... 4

Court-appointed Lead Plaintiffs Andrew Abernathey, Jay Abernathey, Guy Abernathey, and Meridian Investments I, LLC (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class and Lead Counsel, submit this reply memorandum of law in further support of a) Lead Plaintiffs' Motion for: (i) Final Approval of Class Action Settlement; (ii) Approval of Plan of Allocation; and (iii) Certification of Settlement Class (ECF No. 64), and b) Lead Counsel's Motion and Memorandum of Law in Support of Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards for Lead Plaintiffs (ECF No. 63) (collectively, the "Motions").[1]

## PRELIMINARY STATEMENT

The reaction of the Settlement Class confirms that the proposed $6,250,000 Settlement is an excellent result given the risks of the case. The Court-ordered deadline for Settlement Class Members to: (1) object to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of expenses; or (2) to submit a request for exclusion from the Settlement Class, was July 16, 2021. *See* Preliminary Approval Order at ¶¶ 16-17. Following implementation of the Notice program and the dissemination of 13,563 Postcard Notices, the reaction of the Settlement Class has been overwhelmingly positive. Sherwood Suppl. Decl. ¶ 3.[2] No Settlement Class Member has objected to the proposed Settlement, the request for an award of attorneys' fees and reimbursement of expenses, or the

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 27, 2021 (the "Stipulation") (ECF No. 56-1), or the filed Joint Declaration of Barry Barnett and Thomas W. Elrod in Support of: (i) Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Approval of Plan of Allocation, and Certification of Settlement Class; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards for Lead Plaintiffs (the "Joint Declaration" or "Joint Decl.").

[2] *See* Supplemental Declaration of Markham Sherwood of Angeion Group Regarding: (A) Mailing of the Notice and Proof of Claim; (B) Report on Receipt of Requests for Exclusion and Objections to Date; and (C) Report on Receipt of Claims to Date, dated July 29, 2021 ("Sherwood Suppl. Decl.").

request for service awards for the Lead Plaintiffs. *Id.* at ¶ 7. A single Class Member, who purports to have purchased 100 Bristow shares during the Class Period, requested exclusion from the Settlement Class. *Id.* at ¶ 6 (citing ECF No. 65-3, Ex. F).[3] Notably, the letter requesting exclusion did not express any concern relating any aspect of the proposed Settlement and Plan of Allocation, class certification, and Lead Counsel's application for fees, reimbursement of Litigation Expenses, and service awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4). *See id.*

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the Motions is warranted. For the reasons discussed herein, however, the positive reaction of the Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses are fair and reasonable and should be approved.

## ARGUMENT

### I.    The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and the Plan of Allocation

The reaction of the Settlement Class is a significant factor to be weighed in consideration of the Settlement's adequacy. "[T]he reaction of the class to the proffered settlement . . . is perhaps the most significant factor to be weighed in considering its adequacy." *In re Rambus Inc. Derivative Litig.*, No. 06 Civ. 3513, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) (citation omitted). Courts have recognized that a small number or an absence of objections to a settlement is indicative of its adequacy. *See, e.g., Erica P. John Fund, Inc. v. Halliburton Co.*, No. 02 Civ. 1152, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("few or no objections can be viewed as indicative of the adequacy of the settlement."); *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1068 (S.D. Tex. 2012) (quoting *In re Enron Corp. Sec.*, 228 F.R.D. 541, 567 (S.D. Tex.

---

[3] Given that the individual who submitted a request for exclusion demonstrated their intent to be excluded from the Settlement Class, Lead Plaintiffs ask the Court to accept the request for exclusion. After consultation with Defendants' Counsel, Defendants take no position on the request for exclusion.

2

2005) (internal citation omitted)) ("Receipt of few or no objections 'can be viewed as indicative of the adequacy of the settlement.'"); *Melby v. Am.'s MHT, Inc.*, No. 17 Civ. 155, 2018 WL 10399004, at *11 (N.D. Tex. June 22, 2018) ("one indication of the fairness of a settlement is the lack of or small number of objections").[4]

Here, the Court-established deadline to submit timely objections and/or requests for exclusions was July 16, 2021. *See* Preliminary Approval Order at ¶¶ 16-17. No Settlement Class Member objected to the Settlement. *See* Sherwood Suppl. Decl. at ¶ 7. A single Settlement Class Member filed a request for exclusion. *Id.* at ¶ 6.[5] In addition, many Settlement Class Members are sophisticated institutional investors. The absence of objections or requests by any institutional investors is further evidence of the fairness of the Settlement.[6] Thus, the favorable reaction of the Settlement Class supports approval of the Settlement.

The uniformly positive reaction of the Settlement Class also supports approval of the Plan of Allocation. *See Schwartz*, 2005 WL 3148350, at *24 (finding the plan of allocation fair, reasonable and adequate where, "[m]ost importantly, there has only been one objection to the Plan of Allocation").[7]

---

[4] *See also Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 853 (E.D. La. 2007) ("The absence or small number of objections may provide a helpful indication that the settlement is fair, reasonable, and adequate.").

[5] *See Billitteri v. Sec. Am., Inc.*, No. 09 Civ. 01568, 2011 WL 3586217, at *14 (N.D. Tex. Aug. 4, 2011) (where 30 out of 2,000 class members opted out of a settlement, the court found that "[t]he extremely small number of opt-outs suggests a favorable opinion by the absent class members") (citation omitted); *In re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F. Supp. 2d 612, 626 (E.D. La. 2006) (finding 4 timely opt-outs to "strongly favor[] approval of the proposed settlement"); *Schwartz v. TXU Corp.*, No. 02 Civ. 2243, 2005 WL 3148350, at *22-23 (N.D. Tex. Nov. 8, 2005) (finding eight objections to be an "overwhelming response of absent Class Members . . . [and] strongly supports approval of the settlement").

[6] *See, e.g.*, *In re AT&T Corp. Sec. Litig.*, No. 00 Civ. 5364, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

[7] *See also Marcus v. J.C. Penney Co.*, No. 13 Civ. 736, 2017 WL 6590976, at *5 (E.D. Tex. Dec. 18, 2017), *report and recommendation adopted,* No. 13 Civ. 736, 2018 WL 307024 (E.D. Tex., Jan. 4, 2018) (finding the plan of allocation reasonable when class members received full disclosure of the plan of allocation in the notice and there were no objections from class members); *In re Pool Prods. Distribution Mkt. Antitrust Litig.*, No. MDL 2328, 2015 WL 3486434, at *12 (E.D. La. June 2, 2015) (finding no objections and 10 opt-outs as "suggest[ing] class-wide support

**II.      The Reaction of the Settlement Class Supports Approval of the Requests for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards for Lead Plaintiffs**

The Notice informed potential Settlement Class Members that Lead Counsel would request a fee award of up to 33% of the Settlement Amount and payment of litigation expenses not to exceed $100,000.  Lead Counsel requested an award of attorneys' fees of 33% of the Settlement Amount and expenses of $60,618.84, which were reasonably incurred in connection with the prosecution of the Litigation.  *See* ECF No. 63 at 23-24.  Lead Counsel's fee request is within the normal range of awards made in contingent fee matters of this type in this Circuit, as well as in numerous decisions throughout the country, and is the appropriate method of compensating counsel for the result achieved.  *See* ECF No. 63 at 4-23.  Moreover, this fee request falls squarely within the mandate of the Private Securities Litigation Reform Act of 1995 ("PSLRA") that "a reasonable percentage of the amount" of damages and interest paid to the class be awarded to counsel.  *See* 15 U.S.C. §78u-4(a)(6).  *See also Halliburton*, 2018 WL 1942227, at *8 ("The PSLRA expressly contemplates the percentage method . . . .").

Here, the absence of any objections to the requested fee and expense award weighs strongly in favor of approval.  *See, e.g., id.* at *12 (finding that "lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award"); *Bethea v. Sprint Commc'ns Co.*, No. 12 Civ. 322, 2013 WL 228094, at *5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *In re Waste Mgmt., Inc. Sec. Litig.*, No. 99 H. 2183, 2002 WL 35644013, at *29 (S.D. Tex. May 10, 2002), *amended*, No. 99 H. 2183, 2003 WL 27380802 (S.D. Tex. July 31, 2003) (finding the absence of objections "confirms that the fee is fair and reasonable."); *Cook v.*

---

for the proposed settlement.").

4

*Howard Indus., Inc*., No. 11 Civ. 41, 2013 WL 943664, at \*4 (S.D. Miss. Mar. 11, 2013) ("The absence of any objection from . . . any Class Member to Class Counsel being awarded [its requested] fee further supports the award.").

Lead Counsel also respectfully requested that each of the Lead Plaintiffs receive service awards of $2,500 (or $10,000 in total), pursuant to 15 U.S.C. §78u-4(a)(4). *See* ECF No. 63 at 24-25. This amount sought represents a discount to the $5,000 incentive fee award for each Lead Plaintiff (or $20,000 in total) provided for in the Notice. *Id.* The lack of any objection to Lead Plaintiffs' modest request for service awards supports approval of that request. *See, e.g., Halliburton*, 2018 WL 1942227, at \*5.

## CONCLUSION

For the reasons set forth above and, in the Motions, Plaintiffs and Lead Counsel respectfully request that the Court enter the proposed Final Approval Order, granting: (i) final approval of the Settlement, (ii) approval of the Plan of Allocation, (iii) certification of the Settlement Class, and (iv) approval of the requested attorneys' fees, litigation expenses, and service awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).[8]

Dated: July 30, 2021

**SUSMAN GODFREY LLP**

/s/ *Barry Barnett*
Barry Barnett
Michael C. Kelso
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
bbarnett@susmangodfrey.com
mkelso@susmangodfrey.com

---

[8] Concurrently herewith, the Parties submit a slightly revised Judgment. The revised Judgment now lists the single request for exclusion (*see* Exhibit 1). Lead Counsel also submits concurrently herewith, a revised [Proposed] Judgment Approving Class Action Settlement to reflect the updated number of Notices disseminated in the Action.

**KIRBY McINERNEY LLP**
Ira M. Press (admitted *pro hac vice*)
Thomas W. Elrod (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
ipress@kmllp.com
telrod@kmllp.com

*Lead Counsel for Lead Plaintiffs*
*and the Settlement Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System.

*/s/ Barry Barnett*
Barry Barnett