**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE BRISTOW GROUP INC.
SECURITIES LITIGATION

Case No. 4:19-cv-00509 (KPE)

**[PROPOSED] ORDER AUTHORIZING**
**DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

WHEREAS, by its Order and Final Judgment dated August 6, 2021 (ECF No. 70), this Court approved the terms of the Stipulation[1] and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court has directed the parties to administer the terms of the Stipulation and Plan of Allocation; and

WHEREAS, as set forth in the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms to the claims administrator for the Settlement, Angeion Group ("Angeion" or the "Claims Administrator"), in order to participate in the distribution of the Settlement Fund was July 6, 2021; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency; and

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated January 27, 2021 (the "Stipulation") (ECF No. 56-1).

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Lead Plaintiffs' Counsel now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after the payment of any taxes and unpaid costs or expenses; and

WHEREAS, this Court has retained jurisdiction of this Action with respect to enforcement of the terms of the Stipulation, including considering any further application or matter which may arise in connection with the implementation of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing of: (1) Lead Plaintiffs' Memorandum of Law in Support of Motion for Distribution of Class Action Settlement Funds; (2) the supporting Declaration of Ira M. Press dated February 1, 2023; (3) the supporting Declaration of Charles E. Ferrara of Angeion Group dated February 1, 2023 ("Angeion Declaration") and the exhibits attached thereto; and (4) upon all prior proceedings heretofore, and after due deliberation, it is hereby:

ORDERED, that the administrative determinations of Angeion to accept the Timely Authorized Claimants, as set forth in Exhibit C, part one of the Angeion Declaration, and the Late But Otherwise Authorized Claimants, as set forth in Exhibit C, part two of the Angeion Declaration, are adopted and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of Angeion to reject the claims on the list of Rejected or Ineligible Claimants, as set forth in Exhibit C, parts three and four of the Angeion Declaration, are adopted and said claims are hereby rejected; and it is further

ORDERED, that any claim submitted after July 8, 2022 is and will be rejected, and that no further claims against the Settlement Fund be permitted; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that the balance of the Settlement Fund, after deducting payments previously allowed or set forth herein, shall be distributed to the Authorized Claimants listed on Exhibits C, parts one and two of the Angeion Declaration who would receive at least $10.00 under the court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Loss of all accepted claimants as shown on such printout; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS AFTER ISSUE DATE."  Lead Plaintiffs' Counsel and Angeion are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

ORDERED, that: (a) nine (9) months after the initial distribution, any funds remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, shall be redistributed, if economically feasible, to Settlement Class Members who have cashed their initial distributions and who would receive at least $10.00 from such redistribution, after payment of any

unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution; and

(b) if there is any balance remaining in the Net Settlement Fund after distribution or redistribution

to Authorized Claimants, then such remaining funds, after payment of any further notice and

administration expenses and taxes, shall be donated, pursuant to the doctrine of *cy pres*, to the non-

profit organization Investor Protection Trust with further approval of this Court; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed

distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of

Allocation and that all Persons who are involved in the review, verification, calculation, tabulation,

or any other aspect of the processing of the Proofs of Claim filed in this Action, or who are

otherwise involved in the administration or taxation of the Settlement Fund, or the Net Settlement

Fund, are released and discharged from any and all claims arising out of such involvement, and,

pursuant to the release terms of the Settlement, all Class Members, whether or not they are to

receive payment from the Net Settlement Fund, are barred from making any further claims against

the Net Settlement Fund, beyond the amount allocated to Authorized Claimants, and to provide

that all Persons involved in the review, verification, calculation, tabulation, or any other aspect of

the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration

or taxation of the Settlement Fund or Net Settlement Fund, be released and discharged from any

and all claims arising out of such involvement; and it is further

ORDERED, that this Order shall not release any claim by Lead Plaintiffs against the

Claims Administrator with respect to distributions, if any, if later discovered to have been made

not substantially in accordance with the Stipulation, the Plan of Allocation or any order of the

Court; and it is further

ORDERED, that Angeion is hereby authorized to destroy Claim Forms and records in paper form one (1) year after final distribution of the Net Settlement Fund, and claim forms and records in electronic form three (3) years after final distribution of the Net Settlement Fund; and it is further

ORDERED, that this Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

IT IS SO ORDERED

This _____ day of _____, 2023
Houston, Texas


_____
Honorable Keith P. Ellison
United States District Judge