**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE BRISTOW GROUP INC.
SECURITIES LITIGATION

Case No. 4:19-cv-00509 (KPE)

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

**SUSMAN GODFREY LLP**
Barry Barnett
Michael C. Kelso
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
bbarnett@susmangodfrey.com
mkelso@susmangodfrey.com

**KIRBY McINERNEY LLP**
Ira M. Press (admitted *pro hac vice*)
Thomas W. Elrod (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
ipress@kmllp.com
telrod@kmllp.com

*Lead Counsel for Plaintiffs and the
Settlement Class*

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

I.   CLAIMS ADMINISTRATION............................................................................................ 2

II.  ARGUMENT...................................................................................................................... 4

    A.  The Court Should Authorize Distribution of the Net Settlement Fund to Authorized
        Claimants ..................................................................................................................... 4

        1.  Timely and Valid Claims.................................................................................... 4

        2.  Untimely But Otherwise Eligible Claims .......................................................... 4

    B.  The Court Should Accept the Claims Administrator's Recommendations to Reject
        the Ineligible Claims ................................................................................................... 6

    C.  The Court Should Authorize Distribution of the Net Settlement Fund ............................. 6

    D.  The Release of Claims ................................................................................................. 8

    E.  Retention of Proof of Claim Forms and Other Documents ................................................. 8

CONCLUSION............................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*In re "Agent Orange" Prod. Liab. Litig.*,
  689 F. Supp. 1250 (E.D.N.Y. 1988) ............................................................................ 5

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
  No. CIV.A.H-01-3624, 2008 WL 4178151 (S.D. Tex. Sept. 8, 2008) ....................................... 5

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
  246 F.3d 315 (3d Cir. 2001)..................................................................................... 5

*In re Valuevision Int'l Inc. Sec. Litig.*,
  No. 94 Civ. 2838, 1997 WL 786457 (E.D. Pa. Dec. 1, 1997) ....................................... 5

*Zients v. LaMorte*,
  459 F.2d 628 (2d Cir. 1972).................................................................................... 5

**INTRODUCTION**

Court-appointed Lead Plaintiffs Andrew Abernathey, Jay Abernathey, Guy Abernathey, and Meridian Investments I, LLC (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class,[1] respectfully submit this Memorandum of Law in Support of their Motion for Distribution of Class Action Settlement Funds, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

The court-appointed Claims Administrator, Angeion Group ("Angeion" or "Claims Administrator"), has advised Susman Godfrey LLP and Kirby McInerney LLP ("Lead Plaintiffs' Counsel") that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Charles E. Ferrara of Angeion Group in Support of Lead Plaintiffs' Motion for Distribution of Class Action Settlement Funds ("Angeion Declaration") at ¶¶ 19-27, annexed as Exhibit A to the accompanying Declaration of Ira M. Press ("Press Decl."). All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Lead Counsel therefore respectfully requests that the Court authorize, *inter alia*, the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibit C, parts one and two to the Angeion Declaration.

Pursuant to the Stipulation, Defendants have no interest in the relief sought by this motion.[2]

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated January 27, 2021 (the "Stipulation") (ECF No. 56-1).

[2] *See* Stipulation ¶ 9 (Defendants' Releasees "shall have no responsibility or liability with respect to the Escrow Account or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision or distribution of any portion of the Settlement Amount."); *id*. ¶ 14 ("The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, their insurance carrier(s), or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.").

## BACKGROUND

The Stipulation provided for an all-cash payment of $6,250,000 to compensate members of the Class and to pay attorneys' fees and expenses as awarded by the Court. Stipulation ¶¶ G, 1(ss). On February 5, 2021, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (ECF No. 61). The Court approved Angeion as the Claims Administrator. *See* Preliminary Approval Order ¶ 7.

On August 6, 2021, the Court entered the Final Judgment Approving Class Action Settlement (ECF No. 70) ("Final Judgment"). The Court also awarded Lead Plaintiffs' Counsel attorneys' fees of 33% of the Settlement Fund plus reimbursement of litigation expenses in the amount of $60,618.84 and awarded $2,500 each to the Lead Plaintiffs (for a total aggregate award of $10,000). *See* Final Judgment ¶ 15.

Pursuant to the Stipulation, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Court-approved Plan of Allocation after, *inter alia*, the outstanding fees and expenses of claims administration and any tax liabilities are satisfied. *See* Stipulation ¶ 10.

As of January 31, 2023, the balance of the Settlement Fund, including accrued interest, is $4,094,625.67. The Net Settlement Fund continues to accrue daily interest. *See* Press Decl. ¶ 4.

## I.   CLAIMS ADMINISTRATION

Pursuant to the Stipulation, the Court's Preliminary Approval Order, and the Notice,[3] all Class Members wishing to be eligible to participate in the Settlement Fund were required to submit Proof of Claim Forms, postmarked on or before July 6, 2021. As detailed in the accompanying

---

[3] Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

Angeion Declaration, Angeion received a total of 3,293 Proof of Claim Forms in connection with this Action. Angeion Decl. ¶ 19. Angeion received 379 hard-copy paper claims, and a total of 2,914 claims were filed electronically. *Id.* ¶ 10. Angeion has prepared detailed ledgers of: (i) all valid and timely claims by Authorized Claimants (*id.*, Ex. C, part one); (ii) claims that were submitted after the filing deadline but by July 8, 2022 that are otherwise valid ("Late Claims") (*id.*, Ex. C, part two); and (iii) claims that were rejected or deemed ineligible (*id.*, Ex. C, parts three and four).

Angeion made substantial efforts to contact Claimants that had submitted ineligible or deficient claims (such as lacking the required information or documentation to substantiate the Claimant's transactions during the Settlement Class Period) and instruct them on how to cure any such deficiencies. Angeion Decl. ¶¶ 12-17. Angeion mailed (or e-mailed, in the case of electronic claims) a rejection notices to Claimants, describing the defect(s) with the claim and stating what, if anything, was necessary to cure the claim. *Id.* ¶¶ 24-27; Angeion Decl. Exs. A, B, D, and E (sample rejection notices). The rejection notices also informed the Claimant that failure to cure the deficiencies may lead to rejection of his, her, or its claim. Angeion Decl. ¶ 16.

Of the 3,293 claims received, Angeion determined that 2,182 claims were ineligible to participate in the Settlement because the claims: (i) did not indicate any eligible purchases during the Settlement Class Period; (ii) were duplicative or withdrawn claims; (iii) had uncured deficiencies, including insufficient information and/or documentation to support the claim; and (iv) did not result in a Recognized Loss under the Court-approved Plan of Allocation. *Id.* ¶ 24. In each case, as applicable, these Claimants received a rejection letter and/or an opportunity to cure the claim. *Id.*

To date, no claimant has disagreed with Angeion's administrative determination of deficiencies or ineligibility. *Id.* ¶ 27.

## II.   ARGUMENT

### A.   The Court Should Authorize Distribution of the Net Settlement Fund to Authorized Claimants

#### 1.   Timely and Valid Claims

There were 1,051 Authorized Claimants who submitted timely and valid claims postmarked on or before the Court-approved claims filing deadline of July 6, 2021. *Id.* ¶ 20, Angeion Decl. Ex. C, part one. The aggregate Recognized Loss of these 1,051 Authorized Claimants is $35,444,720.34. Angeion Decl. ¶ 20. Lead Plaintiffs respectfully request that the Court approve the 1,051 Timely Authorized Claimants listed in Exhibit C, part one of the Angeion Declaration.

#### 2.   Untimely But Otherwise Eligible Claims

Angeion received Proof of Claim Forms or updates to existing claims after the July 6, 2021 submission deadline through July 8, 2022. *Id.* ¶ 21-23. Angeion processed all Late Claims and has determined that the total number of Authorized Claimants submitting valid Late Claims is 60 with an aggregate Recognized Loss of $4,730,742.96. *Id*. ¶ 21. These Late Claims (listed in Exhibit C, part two of the Angeion Declaration) were received by Angeion while the processing of timely claims was ongoing, and due to the amount of time needed to process the claims received, the processing of these Late Claims did not delay the completion of the claims administration process or the distribution of the Net Settlement Fund. *Id*. ¶ 22. Inclusion of these Late Claims will not materially dilute the amount to be distributed to timely Authorized Claimants. The Recognized Loss of the 1,051 timely valid claims and the 60 Late Claims totals $40,175,463.30. *Id.* ¶ 23. The Recognized Loss of the Late Claims represents 11.78% of the combined Recognized

Loss of all Authorized Claimants.  Thus, the amount that every Authorized Claimant will receive will only be marginally reduced from what he, she or it would have received if the Late Claims were excluded.

The Court may authorize payment of these otherwise valid but late-submitted claims.  *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. CIV.A.H-01-3624, 2008 WL 4178151, at *7 (S.D. Tex. Sept. 8, 2008) (noting that this Court had authorized lead counsel, "in their discretion, [to] accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby").  Until the Net Settlement Fund is actually distributed, this Court retains broad and inherent equitable powers to include claims that were submitted late.  *See Zients v. LaMorte*, 459 F.2d 628, 630-31 (2d Cir. 1972) ("[u]ntil the fund created by the settlement is actually distributed, the court retains its traditional equity powers.")

Lead Plaintiffs believe that, when the equities are balanced, it would be unfair to prevent an otherwise eligible claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, when it was submitted while claims were still being processed.[4] Moreover, payment of the Late Claims will not cost Defendants any additional money nor will payment of these Late Claims materially prejudice or delay payment to the timely Claimants.  *See In re "Agent Orange" Prod. Liab. Litig*., 689 F. Supp. 1250, 1262-63 (E.D.N.Y. 1988) (a "district

---

[4] Courts have the equitable power to include late-filed claims as part of a settlement distribution even where the parties agreed to a claims deadline pursuant to the terms of a settlement agreement.  *See, e.g., Zients*, 459 F.2d at 630-31 ("[W]here, as here, all the equities are on the side of the claimants, the fund has not been distributed and the administration of the fund would be insignificantly hampered by allowing these few late claims, appellants should be permitted to participate in the fund."); *In re Valuevision Int'l Inc. Sec. Litig.*, No. 94 Civ. 2838, 1997 WL 786457, at *1 (E.D. Pa. Dec. 1, 1997) (allowing claims submitted after claims deadline because there was no delay in claims administration process); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321, 329 (3d Cir. 2001) (court allowed a late claim where all class members were asserting claims on a "finite pool of assets.").

court overseeing settlement distribution has inherent power to accept late claims" where there is no prejudice to defendants and no delay of pay-out to timely claimants) (internal citation omitted).

However, in order to facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. Accordingly, it is respectfully requested that the distribution order provide that no claim received after July 8, 2022, may be accepted for any reason whatsoever. Angeion Decl. ¶ 22.

Lead Plaintiffs respectfully request that the Court approve Angeion's administrative recommendations to accept the 60 Late Claims listed in Exhibit C, part two of the Angeion Declaration.

**B.      The Court Should Accept the Claims Administrator's Recommendations to Reject the Ineligible Claims**

Angeion rejected a total of 2,182 claims. Angeion mailed (or e-mailed, in the case of electronic claims) each of these Claimants a rejection letter. *Id*. ¶¶ 25-26. The reasons for rejections included: (i) claims did not involve purchases during the Class Period; (ii) claims were duplicate or withdrawn claims; (iii) claims were deficient and were never cured; and (iv) claims did not result in a Recognized Loss under the Court-approved Plan of Allocation. *Id.*

Accordingly, Lead Plaintiffs respectfully request that the Court reject these ineligible claims listed in Exhibit C, parts three and four of the Angeion Declaration.

**C.      The Court Should Authorize Distribution of the Net Settlement Fund**

The Net Settlement Fund is ready to be distributed at this time. Lead Plaintiffs respectfully request that the Court direct Angeion to distribute the Net Settlement Fund to the Claimants whose claims Angeion has administratively determined to be valid (those listed in Exhibit C, parts one and two of the Angeion Declaration), and who would receive a distribution amount of at least $10.00 pursuant to the Court-approved Plan of Allocation in the Notice. *See* Notice at 10-11. If

these administrative determinations are approved, each of these Claimants will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss compared to the total Recognized Loss of all Authorized Claimants (the "Distribution").  Notice at 9-11.

It may be expected that not all of the payments to be distributed to Authorized Claimants (including late filing Claimants) will be cashed promptly.  In order to encourage Authorized Claimants to promptly cash their Distribution checks, and to avoid or reduce future expenses relating to unpaid Distributions, Lead Plaintiffs propose that all Distribution checks bear a notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS AFTER ISSUE DATE."  Angeion Decl. ¶ 30.  Lead Plaintiffs also propose that Authorized Claimants who do not cash their Distribution checks within the time allotted shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available in any redistribution to other Authorized Claimants.

Consistent with the terms of the Court-approved Plan of Allocation, Lead Plaintiffs respectfully request that, if any funds remain in the Net Settlement Fund by reason of uncashed Distributions or otherwise, then after the Claims Administrator has made reasonable efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their Distributions, if economically feasible, any balance remaining in the Net Settlement Fund nine (9) months after the initial Distribution shall be redistributed to Settlement Class Members who have cashed their initial Distributions and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  *See* Notice ¶ 61.  Thereafter, following consultation with Lead Counsel and approval of the Court, any remaining funds in the Net Settlement Fund

shall be donated to the non-profit organization Investor Protection Trust, pursuant to the doctrine of *cy pres*.  *Id.*

### D.    The Release of Claims

In order to allow the full and final distribution of the Net Settlement Fund, it is respectfully requested that the Court bar any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all Persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement, provided, however, that the Court's distribution order shall not release any claim by Lead Plaintiffs against the Claims Administrator with respect to distributions, if any, if later discovered to have been made not substantially in accordance with the Stipulation, the Plan of Allocation, or any order of the Court.[5]

### E.    Retention of Proof of Claim Forms and Other Documents

Lead Plaintiffs respectfully request that the Court authorize Angeion to destroy claim forms and records in paper form one (1) year after final distribution of the Net Settlement Fund, and claim forms and records in electronic form three (3) years after final distribution of the Net Settlement Fund.

---

[5] "No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith."  Stipulation ¶ 29.

## CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that this Court issue the accompanying proposed Order Authorizing Distribution of Net Settlement Fund granting the relief sought herein.

Dated:  February 1, 2023

Respectfully submitted,

**SUSMAN GODFREY LLP**

  */s/ Barry Barnett*
Barry Barnett
Michael C. Kelso
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
bbarnett@susmangodfrey.com
mkelso@susmangodfrey.com

**KIRBY McINERNEY LLP**

Ira M. Press (admitted *pro hac vice*)
Thomas W. Elrod (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
ipress@kmllp.com
telrod@kmllp.com

*Lead Counsel for Lead Plaintiffs*
*and the Settlement Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF Filing System.

 /s/ Barry Barnett    
Barry Barnett
